### UNITED STATES of America, Plaintiff–Appellee

### v.

### Sammy Ray COLLINS, Defendant–Appellant.

#### No. 09–50870.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

David Glenn Rogers, Fivecoat & Rogers PLLC, Midland, TX, for Defendant–Appellant.

Before GARZA and BENAVIDES, Circuit Judges, and CRONE, District Judge.*

PER CURIAM: **

On February 23, 2009, A.W., a student at Midland Freshman High School, admitted to police officers that he had been selling hydrocodone pills on campus and identified Appellant Sammy Ray Collins ("Collins") as his supplier. Following Collins's arrest and conditional release, a subsequent investigation revealed that Collins had prevailed upon A.W., both directly and through his brother, D.W., to write a falsified letter exonerating him of the accusations. Thereafter, Collins was charged by indictment with distribution of hydrocodone to a person under 21 years of age in violation of 21 U.S.C. §§ 841(a)(1) and 859(a) ("Count One"); use of a minor to distribute hydrocodone within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860 ("Count Two"); and witness tampering in violation of 18 U.S.C. § 1512(b)(1) ("Count Three"). At trial, a jury found Collins guilty on all three counts. On appeal, Collins challenges the legal and factual sufficiency of the evidence to support each conviction. Collins also contends that the district judge abused his discretion by excusing a juror who was seen speaking to and hugging Collins's mother-in-law prior to the trial.

Having reviewed the evidence in the record in a light most favorable to the verdict, the court finds that a rational trier of fact could have found beyond a reasonable doubt that Collins, a person at least 18 years of age, knowingly and intentionally distributed hydrocodone to a person under 21 years of age; that Collins, a person at least 21 years of age, knowingly and intentionally employed, hired, used, persuaded, induced, enticed, or coerced a person under 18 years of age to distribute hydrocodone within 1,000 feet of the real property comprising a public school; and that Collins knowingly engaged in misleading conduct toward another person with intent to influence, delay, or prevent the testimony of any person in an official proceeding. Thus, the evidence presented at trial was sufficient to establish every element of the three crimes charged. Furthermore, the district judge did not abuse his discretion by dismissing the juror from the panel. Accordingly, Collins's convictions are AFFIRMED.

---

* District Judge for the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.