# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2012

Lyle W. Cayce
Clerk

No. 11-40931

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO ARMENDARIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1851-7

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Antonio Armendariz appeals his conviction for three counts of conspiracy to carry and use a firearm during and in relation to a crime of violence, three counts of carrying and using a firearm during and in relation to a crime of violence, two counts of car-jacking, and one count each of attempted car-jacking, conspiracy to commit hostage taking, hostage taking, and conspiracy to commit car-jacking. He contends on appeal that the district court abused its discretion in dismissing two jurors. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40931

## I.  Facts and Procedural History

During Armendariz's trial, the district court removed three jurors from the panel.  First, the court excused Juror 9 without objection because the juror had been sleeping during trial.  This juror was replaced by one of the two alternate jurors; Armendariz does not challenge this juror's dismissal on appeal.

The same day, the district court received a note from Juror 11 stating that she knew that a Government witness "was in a gang who broke into [her] . . . sister's home."  The district court questioned Juror 11 on the record.  The juror stated that she thought she could evaluate the witness's credibility in the same way she would any other witness, but she did not recant her view that he was involved in the break-in.

The next morning, Juror 1 sent the district judge a note stating that the mother of Armendariz's attorney greeted her when she entered the courthouse.  Juror 1 also disclosed that she previously had a close working relationship with defense counsel's mother, but indicated that the relationship would not affect her decision in the case.

Armendariz's attorney reported to the district judge that his mother told him that Juror 1 had approached her.  He also told the court that "we don't object to [Juror 1's] removal if that's where the [c]ourt wants to go," and, in response to the court's statement that one alternate remained, Armendariz's attorney reiterated that "[w]e're willing to let [Juror 1] go."  However, after Juror 1 discussed her interactions with defense counsel's mother on the record, Armendariz's attorney said that the defense was "withdrawing our willingness to let her go."  He also objected to excusing Juror 11, arguing that Juror 11's own home was not robbed and that she stated that her decision in the trial would not be affected.

The Government moved to excuse Jurors 1 and 11.  Armendariz's attorney reiterated and explained his objections to excusing either juror.  However, after

2

the district court indicated that it was inclined to grant a mistrial, Armendariz's attorney told the court that "we consent to the eleven jurors. We'll consent to eleven. Get rid of them and we'll consent to eleven." The district court stated that it believed that Juror 1 could be impartial and fair but that Juror 11 could not avoid being biased. Armendariz's attorney noted that, in addition to potential bias against the Government, Juror 11 could be biased against Armendariz—who had known the witness since high school—because the juror could believe that Armendariz assisted the witness in robbing the juror's sister's home. After considering additional arguments, the court deferred ruling on the matter.

The next day of trial, the district judge renewed his consideration of the juror dismissal issue and stated that he would "need consent [of the parties] on various things." In response, the Government again moved to excuse Jurors 1 and 11. The district judge told the Government that it was not necessary to reiterate the Government's reasons for so moving and stated that he was "inclined" to excuse these jurors. The court again explained that to avoid a mistrial it would need consent of the parties to a jury of fewer than twelve individuals.

Wanting to avoid a mistrial, Armendariz's attorney explicitly consented to fewer than twelve jurors and neither restated his prior objection nor expressed any reservation concerning the dismissal of Jurors 1 and 11. The district judge then excused Jurors 1 and 11 and submitted the case to the eleven-member jury, which unanimously found Armendariz guilty on all counts.

## II. Discussion

Armendariz asks this court to reverse the district court's judgment and grant a new trial, claiming error in the court's decision to excuse Jurors 1 and

No. 11-40931

11.[1] When an error is not preserved by contemporaneous objection, we review only for plain error. *See United States v. Escalante-Reyes*, No. 11-40632, 2012 U.S. App. LEXIS 15385, at *3 (5th Cir. July 25, 2012) (en banc) (discussing importance of contemporaneous objections (citing FED. R. CRIM. P. 51(b))); *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (discussing the need to object in a manner that allows the judge to identify and potentially correct alleged errors).

Here, Armendariz's attorney did not contemporaneously object to the district court's removal of Jurors 1 and 11. Although he initially objected to excusing these jurors, Armendariz's attorney eventually told the court to "[g]et rid of them and we'll consent to 11." The phrase "get rid of them" supports the district court's apparent understanding that Armendariz was consenting to the dismissal of the two jurors not just to proceeding to verdict with a jury composed of fewer than twelve people. In fact, the district court's docket sheet—which states that "[w]ithout any objection and consent of all the parties, the court discharged Juror Nos. 1 and 11"—demonstrates that the judge believed Armendariz's attorney did not object to the removal of these jurors. By giving the district court the impression that he consented to the jurors' removal by saying "get rid of them," Armendariz's attorney failed to make a clear and contemporaneous objection that may have otherwise allowed the court to

---

[1] The Government urges affirmance based on the invited error doctrine, which provides that, absent manifest injustice, the defendant waives any "alleged errors which he invited or induced, especially where the defendant may not have been prejudiced by the error." *See United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001). This doctrine traditionally applies when the defendant's conduct leads to the introduction of otherwise inadmissible evidence. *See, e.g.*, *United States v. Raymer*, 876 F.2d 383, 388 (5th Cir. 1989) (admission of defendant's statements in letters he wrote to psychologist not reversible error because defendant's attorney invited error by revealing the letters in the first instance during his examination of the psychologist). Because we affirm on other grounds, we find it unnecessary to decide if Armendariz invited the alleged error, thereby waiving his right to appeal the dismissal of Jurors 1 and 11.

recognize and evaluate any potential error. *See, e.g., United States v. Daniels*, 281 F.3d 168, 182-84 (5th Cir. 2002) (finding counsel's vague objections did not preserve the issue for appeal).

Accordingly, we review for plain error.[2] *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). Four elements must be present for us to reverse a district court's decision under plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). First, there must be an error, defect, or deviation from a legal rule that the appellant did not abandon or affirmatively waive. *Id.* at 135. Second, the legal error must be clear, obvious, and "not subject to reasonable dispute." *Id.* Third, the defendant must demonstrate that the error had an effect on his substantive rights. *Id.* Fourth, assuming the above three factors have been satisfied, this court may exercise its discretion to correct the error when not doing so "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation and quotation marks omitted).

Our analysis begins and ends with the first two elements of plain error review because we find no clear and obvious error concerning the district court's dismissal of Jurors 1 and 11.[3] A district court may exercise its "discretion to remove a juror 'whenever the judge becomes convinced that the juror's abilities to perform his duties become[ ] impaired.'" *United States v. Leahy*, 82 F.3d 624, 628 (5th Cir. 1996) (quoting *United States v. Huntress*, 956 F.2d 1309, 1312 (5th Cir. 1992)); *see also United States v. Virgen-Moreno*, 265 F.3d 276, 288 (5th Cir. 2001). Unless the dismissal of a juror caused prejudice to the defendant, we do

---

[2] Although we apply plain error, we conclude that the standard of review is not case-determinative here because of our conclusion, discussed below, that the district court acted within its discretion in excusing the two jurors in question.

[3] Armendariz does not challenge the district court's decision to proceed with fewer than twelve jurors, a decision to which he expressly consented. *See* FED. R. CRIM. P. 23(b)(1).

not disturb the district court's exercise of discretion. *See United States v. Patel*, No. 09-30490, 2012 U.S. App. LEXIS 16899, at *22 (5th Cir. Aug. 13, 2012) (unpublished). We "will find prejudice only 'if the juror was discharged without factual support or for a legally irrelevant reason.'" *Virgen-Moreno*, 265 F.3d at 288 (quoting *Leahy*, 82 F.3d at 628); *see also Patel*, 2012 U.S. App. LEXIS 16899, at *23.

Here, the district court acted within its broad discretion in finding good cause to remove Juror 1 based on her interactions with defense counsel's mother. We have previously held that a district court does not abuse its discretion when excusing a juror for relatively minor interactions with interested parties. *See, e.g.*, *United States v. Collins*, 395 Fed. Appx. 117, 118 (5th Cir. 2010) (unpublished) (no abuse of discretion when juror dismissed for speaking to and hugging defendant's mother-in-law). While Juror 1's interaction with defense counsel's mother may alone be enough to constitute sufficient cause for removal, the fact that both individuals gave inconsistent accounts of their encounter further justifies the district court's decision. *See, e.g.*, *Patel*, 2012 U.S. App. LEXIS 16899, at *24-25 (finding no clear error in dismissing a juror whose statement concerning deliberations contradicted the accounts of other jurors who reported that she refused to deliberate). Therefore, any alleged error in dismissing Juror 1 cannot be said to be clear, obvious, and not subject to reasonable dispute.

The district court also did not commit plain error in dismissing Juror 11 who admitted to thinking that one of the Government's witnesses robbed her sister's house. Although the juror "thought" she could be impartial, her belief that the Government's witness robbed her sister's home suggested to the district court that she would be potentially biased. As noted earlier, even Armendariz's attorney recognized the need to excuse this juror. Similar to Juror 1, any alleged

error that might exist does not rise to the level of being clear, obvious, and free from reasonable dispute.

The district court stands in the best position to evaluate the ability of jurors to perform their duties and determine whether dismissal is proper. *See United States v. Ebron*, 683 F.3d 105, 126 (5th Cir. 2012). Finding no plain error in the dismissal of Jurors 1 and 11, we AFFIRM Armendariz's conviction.