*280 Justice Scalia,
with whom Justice Thomas and Justice Alito join, dissenting.
When the law was unsettled at the time an error was committed, the error is not “plain” within the meaning of Federal Rule of Criminal Procedure 52(b). To hold otherwise disregards the importance of claim preservation and deprives Rule 52(b)’s plainness limitation of all conceivable purpose.
H-1
The Court begins its analysis by misconceiving our task. We are here, it thinks, in order to resolve a supposed “conflict” between two “competing . . . legal principles,” ante, at 271—the principle that a legal right may be forfeited by the failure to assert it in a timely fashion, and the principle that an appellate court must apply the law in effect at the time of its judgment. To begin with, there is no such conflict. Forfeiture rules establish exceptions to the legal rights that they qualify; like all exceptions they do not “conflict” with what they modify but rather mark out its scope. And second, our task in this case is not the exalted philosophical one of deciding where justice lies. It is presumed (rightly or not) that Congress has taken that into consideration in approving the Rules of Criminal Procedure. Ours, alas, is the more mundane and lawyerly task of deciding whether the Rules of Criminal Procedure make the failure of timely objection an exception to the rule that an appellate court applies the law in effect at the time of its judgment.
Having addressed itself to the wrong question, the Court unsurprisingly gives the wrong answer. The correct answer must be sought in the text of the Federal Rules of Criminal Procedure, beginning with Rule 51(b), which provides: “A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party’s objection to the court’s action and the grounds for that objection.” (Emphasis added.) Surely this means *281 that a party does not preserve a claim of error—cannot assert that on appeal, whatever the law on the point may be— unless he informs the court or objects to the court’s action when the ruling or order is . made or sought. If it does not mean that, it means nothing.
We move then to Rule 52(b), which says: “A plain error that affects substantial rights may be considered even though it was not brought to the [trial] court’s attention.” The meaning of that is not difficult to grasp. It is an- exception to Rule 51(b)’s rule of forfeiture—an exception that applies only to “plain error.” The question before us is whether plainness means plainness at the time “the [trial] court ruling or order is made or sought” or plainness when the case reaches the Court of Appeals.
The answer to that question seems to me entirely clear. A rudimentary principle of textual interpretation—so commonsensical that it scarcely needs citation—is that if one interpretation of an ambiguous provision causes it to serve a purpose consistent with the entire text, and the other interpretation renders it pointless, the former prevails. Limiting review of forfeited errors to those that were “plain” when the objection should have been made serves a purpose consistent with Rule 51: It permits reviewing courts to correct error where doing so will not thwart the objective of causing objections to be made when they can do some good. Objection is not so much needed when the error ought to be plain to the court and to the prosecution. And the fault in overlooking such an error is not solely the defendant’s, but must be shared equally by the court and the prosecutor. We have affirmed this principle, and have affirmed the proposition that plainness is to be determined at the trial stage, in our prior opinions. “By its terms, recourse may be had to [Rule 52(b)] only on appeal from a trial infected with error so ‘plain’ the trial judge and prosecutor were derelict in countenancing it, even absent the defendant’s timely assistance in detecting it.” United States v. Frady, 456 U. S. 152, 163 *282 (1982). Where error at trial is plain, the rationale for penalizing forfeiture is at its weakest and the injustice to the defendant correspondingly strong.
The Court, on the other hand, is unable to provide any purpose served by a plainness requirement applied when the case reaches the Court of Appeals. Consider two defendants in the same circuit who fail to object to an identical error committed by the trial court under unsettled law. By happenstance, Defendant A’s appeal is considered first. The court of appeals recognizes that there was error, but denies relief because the law was unclear up to the time of the court of appeals’ opinion. Defendant B’s appeal is heard later, and he reaps the benefit of the opinion in Defendant A’s case settling the law in his favor. What possible purpose is served by distinguishing between these two appellants? “The negligence in not raising the error is equivalent regardless of what happens by the time of appeal.” United States v. Escalante-Reyes, 689 F. 3d 415, 429 (CA5 2012) (en banc) (Smith, J., dissenting). Since a plain-error doctrine of this sort cannot possibly induce counsel to make contemporaneous objection, it seemingly has no purpose whatever except to create the above described anomaly.
No, that is not quite true. It does serve the purpose of enabling today’s opinion to say that the plain-error rule has been “preserved,” and has not been entirely converted to a simple-error rule. Of course a simple-error rule—all trial-court mistakes affecting substantial rights can be corrected on appeal—would better serve the Court’s mistaken understanding that the only purpose of Rule 52(b) is fairness, ante, at 276,[1] combined with its erroneous perception that all defend *283 ants who fail to make a timely objection to misapplication of the law stand in the same boat, see ante, at 274. But a simple-error rule would be contrary to the clear text of Rule 52(b), which tempers Rule 51(b) with “fairness” only when the error is plain. The Court must find some application for the plainness requirement, even if it be one that is utterly pointless. It has done so.
II
The Court contends that evaluating plainness at the trial-court level “runs headlong into Johnson [v. United, States, 520 U. S. 461 (1997)].” Ante, at 277. The error there, it points out, “was not an error that the District Court should have known about at the time.” Ibid. Johnson would have been decided the same way at whatever stage the plainness requirement was evaluated, since the Court found that the error did “not meet the final requirement of [United States v.] Olano, [507 U. S. 725 (1993),]” that “the forfeited error ‘seriously affectfe] the fairness, integrity or public reputation of judicial proceedings.’” Johnson v. United States, 520 U. S. 461, 469 (1997) (some internal quotation marks omitted).[2] I accept, however, that the Court said in Johnson, and will presumably hold in future cases, that in the situation presented by that case, plainness at the time of appeal will *284 suffice. That was a situation in which the law was settled against the defendant at trial but became plain in his favor by the time of appeal. As to that narrow class of cases, a time-of-appeal rule promotes both the fairness and efficiency concerns of Rule 51(b). When the law is settled against a defendant at trial he is not remiss for failing to bring his claim of error to the court’s attention. It would be futile. An objection would therefore disserve efficiency, and a time-of-trial rule “would result in counsel’s inevitably making a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent.” Id., at 468. In that unique context, a time-of-appeal approach actually “furthers the substantial interest in the orderly administration of justice that underlies the contemporaneous objection rule.” United States v. David, 83 F. 3d 638, 644 (CA4 1996).
The Court wrote in Johnson a circumspect opinion that took pains to exclude from the time-of-appeal method it articulated the case before us now. After agreeing with the petitioner that in the situation before the Court a time-of-trial rule would impede rather than assist fairness and efficiency, the opinion said that “in a case such as this—where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be ‘plain’ at the time of appellate consideration.” 520 U. S., at 468. The limitation of the Court’s opinion is clear. The concerns that justified evaluating plainness at the time of appeal in Johnson cut against such a rule here, where the law was not clear but uncertain at the time of trial. In the difficult and often hectic process of conducting a trial, a judge depends on the parties—“officers of the court”—to flag less-than-obvious issues that might otherwise escape his notice. A prompt claim of error in those circumstances is not futile but eminently useful.
The Court hypothesizes three defendants failing to object at trial to a ruling that later (before the case reaches the *285 court of appeals) is shown by a Supreme Court opinion to have been error: one tried in a circuit whose law at the time clearly accorded with the Supreme Court’s holding, one tried in a circuit whose law clearly contradicted that holding, and one tried in a circuit whose law on the point was uncertain. Ante, at 274. These defendants, the Court asserts, are “similarly situated,” and the plain-error-at-time-of-appeal rule appropriately treats them alike. Ibid. But they are not “similarly situated” insofar as the purposes of Rules 51(b) and 52(b) are concerned, and treating them alike frustrates those purposes. Where the circuit law clearly accorded with the Supreme Court’s later opinion, the trial court should have known that law, and hence the raising of the point by counsel should not have been needed; this is the classic case for plain-error reversal on appeal. Where the circuit law clearly contradicted the later Supreme Court opinion, again the trial court should have known that law, and counsel’s raising the point would be futile and wasteful rather than sparing of judicial resources; this is the classic case for Johnson reversal on appeal. Where the circuit law was unsettled, the trial court was most in need of counsel’s assistance, and the failure to provide it has no excuse; this is the classic case for normal application of the contemporaneous-objection requirement of Rule 51(b). To be sure, these litigants are alike in that all three “suffered from legal error,” ante, at 275; and if the sole, unqualified objective of appellate review were to correct trial-court error that would suffice to entitle them to equal treatment. Until today, however, the objective of correcting trial-court error has been qualified by the objective of inducing counsel to bring forward claims of error when they can be remedied without overturning a verdict and setting the convicted criminal defendant free. To overlook counsel’s failure to object, spend judicial resources to conduct plain-error review, and set aside a criminal conviction where retrial may be difficult if not impossible, is exactly the “ ‘extravagant protection’ ” that this Court has up until now *286 disavowed. United States v. Young, 470 U. S. 1, 16 (1985) (quoting Henderson v. Kibbe, 431 U. S. 145, 154, n. 12 (1977), in turn quoting Namet v. United States, 373 U. S. 179, 190 (1963)).
Ill
The Court sees no harm in its evisceration of the contemporaneous-objection rule, disbelieving that a lawyer would “deliberately forgo objection now because he perceives some slightly expanded chance to argue for ‘plain error’ later,” ante, at 276. It is hard to say whether this conclusion springs from a touching faith in the good sportsmanship of criminal defense counsel or an unkind disparagement of their intelligence. Where a criminal case always has been, or has at trial been shown to be, a sure loser with the jury, it makes entire sense to stand silent while the court makes a mistake that may be the basis for undoing the conviction. The happy-happy thought that counsel will not “deliberately forgo objection” is not a delusion that this Court has hitherto indulged, worrying as it has (in an opinion joined by the author of today’s opinion) about counsel’s “ ‘ “sandbagging” ’ the court” by “remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.” Puckett v. United States, 556 U. S. 129, 134 (2009). In any event, sandbagging is not the only evil to be feared. What is to be feared even more is a lessening of counsel’s diligent efforts to identify uncertain points of law and bring them (or rather the defendant’s version of them) to the court’s attention, so that error will never occur. It is remarkably naive to disbelieve the proposition that lessening the costs of noncompliance with Rule 51(b) diminishes the incentives to be diligent in objecting. See Meltzer, State Court Forfeitures of Federal Rights, 99 Harv. L. Rev. 1128, 1135 (1986). Meant to apply only in “exceptional circumstances,” United States v. Atkinson, 297 U. S. 157, 160 (1936), Rule 52(b) today has been transformed into an end-run around the consequences of claim forfeiture.
*287 The Court’s final argument, that a time-of-error rule would “wor[k] practical administrative harm,” ante, at 277, is even more peculiar than the rest of its opinion. Whatever administrative ease may flow from a time-of-appeal rule (and more on that in a moment) it is outweighed by “lower[ing] the bar for plain-error review, which will undoubtedly result in more remands and new trials.” Escalante-Reyes, 689 F. 3d, at 431 (Smith, J., dissenting). The Court’s Pollyannaish rejoinder is that few reversals will occur anyway because a defendant must still show that the error affected his substantial rights (Olano prong 3) and seriously affected the fairness of judicial proceedings (Olano prong 4), ante, at 278-279. I doubt that. Many hitherto forfeited claims may incorrectly be found to meet those vague requirements. And all claims—whether found to meet them or not—will have to be evaluated under those vague standards, requiring intensive consideration and producing a judgment whose correctness is often difficult to assess.
As for the Court’s belief that it is difficult to assess whether error was plain at the time of trial: it is really not that hard. Appellate courts regularly conduct that type of inquiry in other areas of law. For example, in the context of federal habeas corpus review under 28 U. S. C. § 2254(d)(1) relief may not be granted to a state prisoner based on a legal error unless that error was contrary to or an unreasonable application of clearly established federal law as of “ ‘the time the state court rendered] its decision,’” Cullen v. Pinholster, 563 U. S. 171, 182 (2011). Similarly, we determine whether public officials have immunity based on what law was clearly established at the time of their acts. See Harlow v. Fitzgerald, 457 U. S. 800, 818-819 (1982). The Court offers us no reason to believe the inquiry would be any more difficult in this context.
In any event, a time-of-appeal rule for assessing plainness does not eliminate the need to assess plainness. And contrary to the Court’s belief, that need will not arise only *288 “when there is a new rule of law, when the law was previously unsettled, and when the District Court reached a decision contrary to the subsequent rule. ” Ante, at 279 (emphasis added). That easy situation, which exists in the present case, may well be the exception rather than the rule for claims that failure to object to plain error should be excused. For a trial-court error is plain not only when it becomes so in retrospect, after the law has subsequently been clarified; but also when the court disregards the pre-existing “ ‘clarity of a statutory provision or court rule.’” United States v. Perry, 479 F. 3d 885, 893, n. 8 (CADC 2007). This Court recognized as much in United States v. Olano, 507 U. S. 725 (1993), where the Government “essentially concede[d],” and this Court accepted, that the District Court's interpretation of Rule 24(c) was plainly erroneous, even though the appellate court had yet to say so, because the text of the Rule was so clear. Id., at 737. For that and other reasons, the question whether the law was “unsettled” will often not admit of an easy answer, and our Courts of Appeals will have to resolve lots of claims that it was not. The practical difficulties the Court professes to avoid will not be avoided.
* * *
Today’s opinion converts the “plain error” limitation of Rule 52(b), a limitation designed to induce trial objections that will assist the court, into a limitation designed to serve no conceivable purpose at all. Fair trial will suffer from the ensuing disregard of the now unenforceable contemporaneous-objection rule. I respectfully dissent.

 The reality, of course, is that the object of Rule 52(b) is fairness to the extent that is compatible with preservation of the principal objective of the contemporaneous-objection requirement of Rule 51(b). The Court suppresses this limitation by paying lipservice to Olano’s four-prong Rule 52(b) analysis while reducing the plain-error requirement which is part of that analysis to a nullity. See United States v. Olano, 507 U. S. 725 *283 (1993). It asserts that “the plain-error rule—Rule 52(b)—restricts the appellate court’s authority to correct an error to those errors that would, in fact, seriously affect the fairness, integrity, or public reputation of judicial proceedings.” Ante, at 277. That is a description of prong 4 of the Olano analysis, see 507 U. S., at 732, which does not even pertain to the words “plain error” in Rule 52(b), but rather to the word “may”—to when a court should exercise its discretion to consider an unobjeeted-to plain error. It has nothing whatever to do with plainness. Rule 52(b) clearly restricts review to those unobjected-to errors that are plain, and the Court offers no explanation—none—of what purpose that restriction can possibly serve if plainness is determined at the appellate stage.

 That is why I was able to join the judgment in Johnson, even though I did not join the portion of the opinion addressing the stage at which plainness was to be evaluated. See 520 U. S., at 463, n.