# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

Lyle W. Cayce
Clerk

No. 12-30324
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIE J. JENKINS, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CR-68-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Willie J. Jenkins, Jr., appeals his sentence imposed pursuant to his guilty-plea conviction of: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count one); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (count two). For count one, Jenkins was sentenced at the bottom of the advisory Guidelines sentencing range to 63 months' imprisonment. For count two, he received a concurrent statutory-maximum term of 60 months' imprisonment; he was sentenced to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrent three-year periods of supervised release.  The district court ordered that the term of imprisonment be served consecutively to an undischarged one-year term of imprisonment imposed in state court.

Jenkins contends:  the district court erred in overruling his objection to the probation officer's recommended four-level increase in his offense level under Guidleine § 2K2.1(b)(6)(B), for possessing the firearm in connection with another felony offense, because the Government failed to prove a sufficient connection between the firearm and another felony offense; and, the court erred in assigning a base-offense level of 20 under Guideline § 2K2.1(a)(4)(A).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Jenkins was convicted in state court of felony drug trafficking in connection with the instant arrest, and the firearm was found in a footlocker with drugs and a digital scale.  No error has been shown with respect to the court's imposing the Guideline § 2K2.1(b)(6)(B) enhancement.  *See United States v. Anderson*, 559 F.3d 348, 357-58 (5th Cir. 2009) ("When a loaded firearm is found in close proximity to narcotics, readily available to the defendant, a connection will usually be found.").

Because Jenkins failed to preserve his base-offense-level contention by presenting it in district court, it is reviewed only for plain error.  *E.g.*, *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).  For reversible plain error, Jenkins must show  a clear or obvious legal error that affected his

substantial rights–ordinarily meaning it affected the outcome of the proceedings in district court. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, our court will exercise its discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (internal quotation marks, citation, and alterations omitted).

Guideline § 2K2.1, commentary note 10, directs: "For purposes of applying subsection [(a)(4)(A)], use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)." In recommending Jenkins' base offense level was 20 under subsection (a)(4)(A), the probation officer relied on Jenkins' 1996 conviction for possession of marijuana with intent to distribute. No criminal history points were assessed for that prior conviction, however. Therefore, its use in increasing Jenkins' base offense level was a clear error that likely affected Jenkins' substantial rights by increasing his sentence. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (error affected substantial rights where "we cannot confidently say that the district court would have imposed the same sentence without it" (internal quotation marks and citation omitted)). Therefore, as the Government concedes, the district court committed reversible plain error in determining, under § 2K2.1(a)(4)(A), that Jenkins had a base offense level of 20. *E.g.*, *Mudekunye*, 646 F.3d at 290-91 (reversible plain error where substantial disparity between imposed sentence and correct Guidelines range). We exercise our discretion to remedy this error.

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING consistent with this opinion.