HAYNES, Circuit Judge, joined by E. GRADY JOLLY, W. EUGENE DAVIS, CARL E. STEWART, DENNIS, PRADO, JENNIFER WALKER ELROD, LESLIE H. SOUTHWICK, GRAVES and HIGGINSON, Circuit Judges:
In this case we answer the following question: whether, when the law at the time of trial or plea is unsettled, but becomes clear[1] while the case is pending on appeal, review for the second prong of the “plain error” test properly considers the law as it stood during the district court proceedings (“time of trial”) or at the time of the appellate court’s decision (“time of appeal”). We join the majority of other circuits in answering this question as follows: “time of appeal.”
A large majority of us concur that this case presents this question squarely, though perhaps not perfectly. Recognizing the intra- and inter-circuit split on this question, see United States v. Broussard, 669 F.3d 537, 554 (5th Cir.2012), petition for reh’g filed, we determined to hear this case[2] en banc in the first instance to resolve the issue. We turn, then, to the explanation for our decision.
I. Analysis of the En Banc Question
A. The Text of the Rule
We start with the Federal Rules of Criminal Procedure. Rule 51(b) — sometimes called the “contemporaneous objection rule”' — advises that a party “may preserve a claim of error by informing the court” at the time of the action or ruling. Fed.R.Crim.P. 51(b). We reaffirm the importance of the contemporaneous objection rule in the orderly process of trial court matters. But the rules do not make the absence of a contemporaneous objection fatal to the party’s efforts to correct an error on appeal. The very next rule states: “A plain error that affects substan *419 tial rights may be considered even though it was not brought to the court’s attention.” Fed.R.Crim.P. 52(b). As with any statutory or rule analysis, we start with the text of the rule.
Unfortunately, the rule itself gives little assistance as to the question of timing; the first clause speaks to the present: “that affects,” while the last clause uses the past tense of “was.”[3] We conclude that the term “was” does not answer the timing question. Instead, read most naturally, it is simply referring to the fact that the lack of a contemporaneous objection occurred in the past, as it necessarily would by the time an appellate court would receive the case. We cannot read into this use of the past tense a requirement that the error be “plain” at the time of trial. The Government also argues that by using the pronoun “it” in the second clause, the rule is referring to “plain error” in the antecedent clause and means that the error had to be plain at the time of trial. We conclude that a more natural reading of the rule is that “it” refers back to the noun it replaces — “error”—and that the term “it” encompasses the error now under consideration without addressing when it was plain.
B. Supreme Court Precedents
We turn then to Supreme Court precedent. The Supreme Court has identified four requirements for reversing a trial court based upon plain error review: (1) “there must be an error or defect— some sort of [djeviation from a legal rule— that has not been intentionally relinquished or abandoned”; (2) “the legal error must be clear or obvious, rather than subject to reasonable dispute”; (3) “the error must have affected the appellant’s substantial rights”; and (4) “if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (citation and internal quotation marks omitted and alterations in original).
Though it has had opportunities to do so, the Supreme Court has not spoken directly to the timing issue when the law is unsettled at the time of trial but becomes clear by the time of appeal. In United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court noted that “plain” is “synonymous with ‘clear’ or, equivalently, ‘obvious.’ ” Id. at 734, 113 S.Ct. 1770. However, the Court specified that it “need not consider the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified. At a minimum, a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law.” Id. (emphasis added).
Approximately four years after Olano, the Supreme Court decided Johnson, in which it held that “where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be ‘plain’ at the time of appellate consideration.” 520 U.S. at 468, 117 S.Ct. 1544. The Court reasoned that it would be futile for a lawyer *420 to object to an “error” that clearly was not an error under the law as it existed at that time. Id. at 467-68, 117 S.Ct. 1544. If objections were required to preserve such an error, counsel would have to make “a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent.” Id. at 468, 117 S.Ct. 1544. Both Olano and Johnson left open the question of when the “plainness” of an error would be evaluated in a situation where the law was unsettled at the time of trial, but was clear at the time of appeal. If the Supreme Court believed this issue to be determined, it would have said so in one of these cases. It did not.
C. Circuit Precedents
Thus, we turn to our own precedents and those of our sister circuits. As well-stated in Broussard, our own precedents do not speak with one voice. Compare Broussard, 669 F.3d at 554-55 (concluding that where an error is unclear at the time of trial but clear on appeal, the court should apply the law at the time of appeal), with United States v. Henderson, 646 F.3d 223, 225 (5th Cir.2011), (addressing the same issue and stating that the law should be evaluated at the time of trial), cert. granted, — U.S.-, — S.Ct.-, — L.Ed.2d-(U.S. June 25, 2012) (No. 11-9307, 2012 WL 894491). The earliest of our cases to interpret Olano held that plain error is to be evaluated at the time of appeal. See United States v. Knowles, 29 F.3d 947, 951 (5th Cir.1994) (“It is of no consequence that [the appellate case that clarified the law] was decided after the proceedings in the district court concluded. Since this case is on direct appeal, newly announced rules apply.”) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)).[4] Broussard resolved the issue by following Knowles, as it is the earlier opinion on this issue. Broussard, 669 F.3d at 554-55; see also United States v. Hudson, 457 Fed.Appx. 417, 419-20 (5th Cir.2012) (per curiam) (unpublished). Of course, in this en banc case, we are in a position to harmonize our prior precedents and speak with one voice.
*421 Our sister circuits also are not uniform, but the vast majority have either implicitly or explicitly adopted the “time of appeal” rationale. The Ninth and District of Columbia Circuits are the only circuits squarely holding that if the law is unclear at the time of trial and later becomes clear, the error is evaluated based on the law as it existed at the time of trial. See, e.g., United States v. Mouling, 557 F.3d 658, 664 (D.C.Cir.2009) (“We therefore hold that where, as here, the law was unsettled at the time of trial but became settled by the time of appeal, the general rule applies, and we assess error as of the time of trial.”); United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997) (“When the state of the law is unclear at trial and only becomes clear as a result of later authority, the district court’s error is perforce not plain; we expect district judges to be knowledgeable, not clairvoyant.”).
In contrast, the First, Second, Tenth, and Eleventh Circuits have explicitly held that the plainness of error is evaluated at the time of appellate review when the law is unsettled at the time of trial but becomes clear by the time of appeal. See, e.g., United States v. Cordery, 656 F.3d 1103, 1106-07 (10th Cir.2011) (adopting the “blanket rule” that plain error is established at the time of appeal, regardless of whether the error was “plain or obvious at the time of sentencing” or trial); United States v. Garcia, 587 F.3d 509, 520 (2d Cir.2009) (concluding that “[wjhether an error is ‘plain’ is determined by reference to the law as of the time of appeal” in a case where the law was unclear at the time of sentencing but later became clear (internal citation and quotation marks omitted)); United States v. Ziskind, 491 F.3d 10, 14 (1st Cir.2007) (citing Johnson for the proposition “that error is plain if the law is clear at the time of direct appellate review, even though governing law was unclear at time of trial”); United States v. Underwood, 446 F.3d 1340, 1343 (11th Cir.2006) (holding that “even though the error was not plain at the time of sentencing, the subsequent issuance of [a Supreme Court opinion] establishes that the error is plain at the time of appellate consideration”).
Additionally, the Third, Sixth, Seventh, and Eighth Circuits state that they would evaluate the plainness of error at the time of appeal, although these circuits have not expressly decided the issue of whether this principle applies when the error is unclear at the time of trial. See United States v. Crosgrove, 637 F.3d 646, 656-57 (6th Cir. 2011) (“However, the requirement that the error be plain means plain under current law .... For plain error review, current law is the law as it exists at the time of review.” (internal citation and quotation marks omitted)); United States v. Baumgardner, 85 F.3d 1305, 1308 (8th Cir.1996) (holding that “the plain error prong of the Olano standard should be determined in accordance with the law at the time of appeal”); United States v. Ross, 77 F.3d 1525, 1539 (7th Cir.1996) (“[W]e now hold that for purposes of Rule 52(b), a ‘plain’ error is one that is clear and uncontroverted at the time of appeal.”); United States v. Retos, 25 F.3d 1220, 1230 (3d Cir.1994) (holding that “inasmuch as the district court’s [ruling] was clearly and obviously erroneous under current law, we hold that it constituted ‘plain’ error”).[5]
D. Our Decision
We conclude that United States v. Farrell, 672 F.3d 27 (1st Cir.2012) pres *422 ents the better-reasoned view. As Farrell suggests, the purpose of plain error review in the first place is so that justice may be done. See id. at 36-37. The contemporaneous objection rule is, in part, intended to prevent lawyers from deliberately withholding an objection in an effort to gain another “bite at the apple” on appeal in the event that they are unsatisfied with the court’s ruling. See Puckett, 556 U.S. at 134, 129 S.Ct. 1423. But the plain error rule recognizes that not all failures to object are strategic.[6] Indeed, some (maybe most) of the time, the failure to object is the product of inadvertence, ignorance, or lack of time to reflect. The four-pronged Puckett test strikes the balance between preventing the kind of “second bite at the apple” strategic decisions described above and avoiding the loss of rights due to counsel’s (or a party’s) error by making plain error review much more stringent and difficult than the standard of review that would otherwise apply (sometimes de novo and sometimes clear error or abuse of discretion). See id. at 135, 129 S.Ct. 1423 (noting that Rule 52(b) strikes a “careful balance ... between judicial efficiency and the redress of injustice”).
Further, in the narrow situation we face here, it is unlikely that we would face a deliberate strategic decision by counsel, since by waiting to object, the party asserting the error would be taking a risk that the appellate court would not rule in its favor on the unsettled issue. Cf. Ross, 77 F.3d at 1539 (noting that “[fjorfeiture ... prevents defendants from strategically withholding objections in order to assert them on appeal and obtain a new trial,” but concluding that plain error review allows “the rule of forfeiture [to] bend slightly if necessary to prevent a grave injustice” and adopting the time of appeal rule). In the vast majority of plain error cases, there will be no intervening Supreme Court decision, meaning that establishing a “time of appeal” rule would not significantly alter trial counsel’s incentive to object. Counsel necessarily would not have a crystal ball to know that the Supreme Court would favorably decide a case in the interim. This is different from a case where a party hides an error that it knows would mandate reversal on appeal; that is not the situation we address here.[7]
*423 “[T]he focus of plain error review should be ‘whether the severity of the error’s harm demands reversal,’ and not ‘whether the district court’s action ... deserves rebuke.’ ” Farrell, 672 F.3d at 36 (quoting Ross, 77 F.3d at 1539-40). “The plain error rule is protective; it recognizes that in a criminal ease, where a defendant’s[8] substantial personal rights are at stake, the rule of forfeiture should bend slightly if necessary to prevent a grave injustice.” Ross, 77 F.3d at 1539; see also United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (“The plain-error doctrine of Federal Rule of Criminal Procedure 52(b) tempers the blow of a rigid application of the contemporaneous-objection requirement.” (footnote omitted)).
Applying a “time of appeal” test also is more practical. Instead of having to try to go back in time and determine what was “clear” or “unclear” at the time of trial and potentially applying law we now know to be incorrect, we can simply apply the law as it is and determine whether the error is plain. This approach also allows the “reviewing court to avoid the elusive and potentially onerous case-by-case determination of whether the law was ‘settled’ or ‘unsettled’ at the time of trial.” Farrell, 672 F.3d at 37.
Of course, determining that the error is plain is by no means the end. The third and fourth prong of Puckett continue to be stringent requirements that encourage counsel to make contemporaneous objections and avoid the strictures of those prongs. See, e.g., United States v. Marcus, - U.S. -, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (noting that a court of appeals may only correct an error that was not objected to in the trial court if the four elements of the plain error test are met). We conclude, therefore, that where the law is unsettled at the time of trial but settled by the time of appeal, the “plainness” of the error should be judged by the law at the time of appeal.
II. Application to this Case
Turning to the facts of this case, Escalante-Reyes was convicted of illegal re-entry under 8 U.S.C. § 1326. He contends that the district court erred in considering his need for anger management courses in determining the length of his sentence. During the sentencing hearing, the judge looked through EscalanteReyes’s file and noted instances of fighting in his past, stating: “Well there’s a temper and anger problem here, too____ So there’s a problem there. And it seems to me that that’s what we have to get under control. And that’s got to be the basis for what good prison will do for this Defendant.” Shortly thereafter, the district court announced its sentence, which included a recommendation for anger management courses while in prison. The defendant’s attorney objected that the district court did not adequately explain its reasons for the length of the sentence. In responding, the district court mentioned only two things: Escalante-Reyes’s quick return to the United States and that “[h]e has a problem with his anger management. He has things that need to be addressed.”
*424 Under Tapia, this determination was error. See 131 S.Ct. at 2393 (holding that a district court “may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation”). Given our ruling on the “timing of plain error,” the error was plain.
Before we address the third and fourth prongs of plain error, it is important to note that we did not take this case en banc to address how the third and fourth prongs of plain error review should be applied in sentencing appeals. We continue to adhere to our prior precedent with respect to the third and fourth prongs of plain error review. Reversal for plain error is necessarily a fact-specific inquiry and, as we have previously noted, a finding that there was an error that was plain will not automatically lead to reversal. See, e.g., United States v. Davis, 602 F.3d 643, 648, 650 (5th Cir.2010) (concluding that although there was an error that was plain, reversal was not warranted because the error was “not the sort that we should, on plain error review, exercise our discretion to remedy”); United States v. Mondragon-Santiago, 564 F.3d 357, 364-65 (5th Cir.2009) (finding that although the defendant met the first two prongs of plain error, he failed to show that the error affected his substantial rights).
We now turn to the task of assessing the third prong of plain error— whether the error affected EscalanteReyes’s substantial rights. “To affect the defendant’s substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings.” Broussard, 669 F.3d at 553. In the context of sentencing, we ask “whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand.” United States v. Garcia-Quintanilla, 574 F.3d 295, 304 (5th Cir.2009).
For example, in Garciar-Quintanilla, we held that a district court’s imposition of a sentence that was greater than the Guidelines range based on the view that the court could later suspend the sentence after it began — which we determined to be an error that was “plain” — affected the defendant’s substantial rights because “the possibility of suspension was an essential aspect of this sentence.” Id. We held that “[b]ecause the possibility of suspension was so central to the sentence that [the defendant] received, we cannot confidently say that the district court would have imposed the same sentence” absent the error. Id.
The facts of this case are similar to those in Garciar-Quintanilla in that here, the need for anger management treatment was such a central part of the district court’s explanation of Escalante-Reyes’s sentence that “we cannot confidently say that the district court would have imposed the same sentence” without it. Id. The district court clearly stated that Escalante-Reyes had a problem with anger “[a]nd that’s got to be the basis for what good prison will do for this Defendant.”
In a conclusory fashion, the Government argues that the district court was “convinced” it had given the right sentence. Implicitly, then, the Government is arguing that the district court would have given the same sentence regardless of the Tapia error. For his part, Escalante-Reyes argues that there is a reasonable probability his sentence would have been lower. He notes that the district court referred twice to the need to get Escalante-Reyes’s anger under control and the efficacy of prison to do so. In a relatively short sentencing hearing, the anger management issue loomed large.
*425 While the district court gave a slightly-below Guidelines sentence, the circumstances show a probability that the court’s mercy was, as Escalante-Reyes noted, “tempered” by the desire to have him receive anger management training. The recommended Guidelines range was 63-78 months, and the district court sentenced Escalante-Reyes to 60 months. Escalante-Reyes’s counsel immediately objected to the sentence, arguing that it was “greater than necessary to satisfy the factors under 3553(a).” In response, the district court reiterated that Escalante-Reyes “has a problem with his anger management” and that “[h]e has things that need to be addressed.” We conclude that the error affected substantial rights because the district court’s repeated emphasis on the need for anger management treatment in prison was sufficient to undermine our confidence that the district court would have imposed the same sentence absent the error. See Garcia-Quintanilla, 574 F.3d at 303-04.
The fourth prong of plain error asks whether the error affects “the fairness, integrity, or public reputation of judicial proceedings” such that the appellate court should exercise its discretion to correct the error. See Puckett, 556 U.S. at 135, 129 S.Ct. 1423 (internal citation and quotation marks omitted). We respect the discretion a sentencing court has in making a decision on sentencing. Additionally, we do not view the fourth prong as automatic if the other three prongs are met. See Davis, 602 F.3d at 650. However, the Supreme Court has instructed that “the discretion conferred by Rule 52(b) should be employed in those circumstances in which a miscarriage of justice would otherwise result.” Olano, 507 U.S. at 736, 113 S.Ct. 1770 (internal citation and quotation marks omitted).
We continue to adhere to our precedent declining “to adopt a blanket rule that once prejudice is found under the [third plain error prong], the error invariably requires correction,” United States v. Reyna, 358 F.3d 344, 352 (5th Cir.2004) (en banc). This case is unlike those where the other three prongs were met and still we refused to correct a defendant’s sentence. For example, in Reyna, we declined to exercise our discretion to correct an error related to the denial of a right to allocute at a defendant’s third sentencing hearing even though the error otherwise met the first three prongs of plain error. Id. at 353. We found that the error did not affect the “fairness, integrity, or public reputation of judicial proceedings” because the defendant had been given the right to allocute at his original sentencing hearing and at a second sentencing proceeding that was held after he violated the terms of his supervised release. Id. at 352-53. The defendant was warned during the second proceeding that he would be sent back to prison for twelve months if he violated the terms of his supervised release again, and he was given an opportunity to allocute at that time; therefore, we concluded that “[o]n the particular facts of this case, we are satisfied that the district court’s error in failing to address Reyna and allow him to speak in mitigation of his sentence [at the third sentencing hearing] did not seriously affect the fairness, integrity or public reputation of his sentencing proceedings.” Id. at 353.
Unlike such a case (as well as other similar cases), we are not satisfied that there is other evidence in the record that shows that Escalante-Reyes’s sentence is “fair,” or that the “integrity or public reputation” of the judicial proceeding was protected despite the erroneous consideration of Escalante-Reyes’s need for anger management treatment in determining the length of sentence. In light of the sen *426 tencing record as a whole, we conclude that the district court’s repeated emphasis on Escalante-Reyes’s need for anger management treatment in prison affected the “fairness, integrity, or public reputation” of the sentencing proceeding. Given Congress’s express admonition that “imprisonment is not an appropriate means of promoting correction and rehabilitation,” 18 U.S.C. § 8582(a), and the Supreme Court’s recent analysis in Tapia, we conclude that we should exercise our discretion to recognize this error.
Accordingly, Escalante-Reyes’s sentence is VACATED and the case is REMANDED for resentencing in accordance with this opinion. Because of our disposition of this issue, we do not reach the other issues he raised.

. Importantly, we address here only the narrow question of matters unsettled at the time of trial which are settled or clarified by the time of (not in) the appellate decision in question.

. Because we first address this legal question, we will provide the facts necessary for the determination of the particular case further in the opinion. By way of background, we note that the claimed "plain error” is considering Escalante-Reyes’s need for anger management courses in prison in determining the length of his sentence. After the sentencing hearing in this case, the Supreme Court decided Tapia v. United States, - U.S. -, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011), which cleared any confusion over whether rehabilitation or correction can be considered in deciding whether to sentence a defendant to prison and for how long.

. Indeed, if the text of Rule 52(b) was dispositive on the timing issue, the Supreme Court likely would have relied on the Rule’s text in Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). In that case, which is discussed in greater detail below, the Court relied on a policy consideration — not the Rule’s text — in deciding the timing of plain error when the law at the time of trial was settled but contrary to the law at the time of appeal. Id. at 467-68, 117 S.Ct. 1544.

. The dissenting opinion filed by Judge Smith argues that the Supreme Court’s decision in Griffith — which held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final ...,” 479 U.S. at 328, 107 S.Ct. 708 — counsels in favor of evaluating the error at the time of trial. See Smith Dissenting Op. at 428-30. However, in Johnson, the Supreme Court applied Griffith to the first prong of plain error analysis, not the second prong. See Johnson, 520 U.S. at 467, 117 S.Ct. 1544 ("Because petitioner is still on direct review, Griffith requires that we apply [United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)] retroactively. Accordingly, under Gaudin there was ‘error,’ and the first prong of Olano is satisfied."). By applying Griffith's retroactivity principle to the first prong and not the second, the Court implies that Griffith is not relevant to the issue of when plain error should be evaluated. Further, in a Fourth Circuit opinion that supported a time of trial rule, the court reached a similar conclusion, noting that “Griffith’s holding that a defendant whose direct appeal is pending receives the benefit of a new rule for purposes of determining whether the district court erred, bears not at all on the second requirement of Olano, that the error be 'plain.’ ” United States v. David, 83 F.3d 638, 643 n. 6 (4th Cir.1996).
Additionally, even if Griffith’s retroactivity principle does apply to the second prong, several appellate courts have reached the opposite conclusion from that of this dissenting opinion; specifically, they have held that Griffith counsels in favor of finding plain error at the time of appeal. See, e.g., United States v. Retos, 25 F.3d 1220, 1230 (3d Cir.1994) (discussing Griffith's retroactivity principle in choosing to apply the time of appeal rule); United States v. Baumgardner, 85 F.3d 1305, 1309 (8th Cir.1996) (same). Thus, the argument that Griffith counsels in favor of adopting the time of trial rule is not persuasive.

. The Fourth Circuit has issued inconsistent rulings on this question. Compare David, 83 F.3d at 645 (judging the plainness of error at the time of trial), with United States v. Maxwell, 285 F.3d 336, 342 (4th Cir.2002) ("[T]he error need not be plain at the time the district court erred as long as the error is plain at the time of appellate consideration.”).

. The dissenting opinions authored by Judges Smith and Garza argue that we should focus on the judge's and prosecutor's role — rather than the defense attorney's role — in guarding against plain error, citing United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), for the proposition that "[b]y [Rule 52's] terms, recourse may be had to the Rule only on appeal from a trial infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.” Id. at 163, 102 S.Ct. 1584. The dissenting opinion authored by Judge Smith states that "the definition [of plain error] focuses on the judge and prosecutor rather than on defense counsel.” Smith Dissenting Op. at 427. The dissenting opinion authored by Judge Garza also cites Frady for a similar proposition. Garza Dissenting Op. at 451-52. However, the Supreme Court has since decided Johnson, which held that an error may be "plain” even when at the time of trial, the law was contrary to the law at the time of appeal. See Johnson, 520 U.S. at 468, 117 S.Ct. 1544. In Johnson, the error was not "plain” to the judge or the prosecutor at the time of trial, but the Supreme Court nonetheless found that the error should be evaluated at the time of appeal. If the Supreme Court felt that it was bound by Frady's "definition” of plain error (i.e., that the error must be clear to the judge and prosecutor), it would not have decided Johnson as it did.

. Indeed, even if the counsel were deliberately withholding an objection, we all agree that plain error review would be available for an error "clear” at the time of that deliberate decision, unless counsel announced something that amounted to a waiver. Thus, an examination of the motivations of counsel — a difficult task in and of itself — is not part of the plain error review analysis.

. Although most cases applying the plain error review standard involve errors alleged to have harmed criminal defendants, the plain error rule is available to the Government as well. United States v. Willingham, 497 F.3d 541, 544, 546 (5th Cir.2007) (concluding that the Government should prevail on its sentencing appeal applying a plain error standard of review to the Government's unpreserved claim of error). Thus, the rule we announce in this opinion is not one-sided and will serve to promote justice under the law for both the Government and the defendant in these circumstances.