# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

Lyle W. Cayce
Clerk

No. 12-30430
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC JOSEPH ALEXANDER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:06-CR-60074-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pursuant to the government's U.S. Sentencing Guidelines § 5K1.1 motion, Eric Alexander received a departure sentence below the guideline range follow-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing his guilty-plea conviction of (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and 1,000 or more kilograms of marihuana, (2) possession of a firearm, and (3) conspiracy to commit money laundering.   *See* 21 U.S.C. §§ 846, 841(a); 18 U.S.C. §§ 922(g)(1), 1956(h).  He maintains that because his guideline range of imprisonment was incorrectly enhanced by five levels instead of four pursuant to U.S. Sentencing Guidelines § 3B1.1 for his role as a leader or organizer of the drug conspiracy, remand for resentencing is appropriate.

Because there was no objection in the district court to the incorrect calculation, plain-error review applies.  *See United States v. Isiwele*, 635 F.3d 196, 204 (5th Cir. 2011).  To show plain error, Alexander must demonstrate (1) that there was an error, (2) that it was clear or obvious, and (3) that it affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013).

Given that § 3B1.1 provides for no more than a four-level increase, there was an error that was clear or obvious, a point the government does not dispute.  *See, e.g., United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012).  Nevertheless, the government argues that remand for resentencing is not necessary, because Alexander cannot establish that the error affected his substantial rights.

At sentencing, the district court discussed at length Alexander's involvement in the drug conspiracy and provided a detailed examination of the factors in 18 U.S.C. § 3553(a) tied to the specific facts of this case.  It also noted Alexander's substantial assistance to the government and the apparent value of that assistance.  The court then imposed a sentence of 228 months, noting its "grave concern" that it may have "cut [Alexander] way too much slack here."  Further, following its examination of the § 3553(a) factors, the court stated that it would impose the same sentence even if it had erred in calculating the guideline range.

In light of the foregoing, Alexander has not shown that the error "affected the outcome of the proceedings," *i.e.*, that "there is a reasonable probability of a lower sentence on remand." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). Therefore, he has not demonstrated that the error affected his substantial rights. *See id.*; *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).

AFFIRMED.