# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2013

No. 12-30129
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN FORREST,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-60054-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Forrest pleaded guilty to one count of possession with intent to distribute cocaine. He was deemed a career offender and sentenced within the guidelines range to 211 months in prison. Forrest argues on appeal that the district court erred in classifying him as a career offender because he was not actually convicted of his predicate offenses. In particular, Forrest asserts that he never pleaded guilty to the charges, that the Louisiana state court found that he was not competent to stand trial on the charges, and that he was released to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation, which was subsequently revoked and then released after his stay in a mental health facility.

A defendant is a career offender if he was at least 18 years old at the time of the offense, the offense is a felony crime of violence or controlled substance offense, and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Pursuant to § 4B1.2, comment. (n.3), the definitions in U.S.S.G. § 4A1.2 are used to determine what qualifies as a predicate conviction under § 4B1.1.

Because Forrest did not object to the career offender enhancement in the district court, we review this issue for plain error. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Forrest makes such a showing, this court has the discretion to correct the error, but it will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Forrest's career offender argument fails for at least two reasons. First, because this court has not addressed whether Forrest's probation, which was imposed pursuant to former Louisiana Code of Criminal Procedure article 648, and the subsequent revocation of that probation, constitutes a conviction for purposes of § 4B1.1, Forrest cannot show that any error was clear or obvious. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418-22 (5th Cir. 2012) (en banc); *see also United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

Second, Forrest cannot show an effect on his substantial rights because he cannot establish a reasonable probability of a lower sentence on remand. *See Escalante-Reyes*, 689 F.3d at 424. In particular, the district court gave an extensive and thorough discussion of the 18 U.S.C. § 3553(a) factors, asserted that it would impose the same sentence regardless of any error in the guidelines calculations, and stated that Forrest's sentence was similar to that of a

codefendant.  In light of the foregoing, Forrest has not established plain error in connection with the career offender enhancement.

Forrest also contends that his 211-month sentence is substantively unreasonable based on his mental incompetency and his drug addiction.  The district court considered Forrest's arguments for a lesser sentence, including his mental health and drug addiction problems, as well as the presentence report. The district court found noteworthy that Forrest had committed a serious drug offense that involved large quantities of various drugs, that he repeatedly engaged in drug trafficking after he was diverted from criminal prosecution, and that he avoided criminal prosecution by malingering; as such, the court determined that the public needed to be protected from him and that he was likely to recidivate.  In addition, the court noted that Forrest's sentence was similar to a codefendant's sentence and also stated that his sentence should be reduced by 94 months for time served, which would result in "an actual sentence of 117 months."    The record reflects that the district court made an individualized assessment based on the facts of Forrest's case in light of the § 3553(a) factors.  *See Gall*, 552 U.S. at 49-50.  Moreover, because the district court stated that even if it had erred in calculating the guidelines range, it would impose the same sentence, Forrest cannot establish that any error affected his substantial rights.  *See Escalante-Reyes*, 689 F.3d at 424.  Forrest has not shown that the district court committed error, plain or otherwise, in connection with the substantive reasonableness of his sentence.  *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.