# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTIAN ALAN LIRA-ALVAREZ, also known as Gerson Montoya-Bringas,
also known as Christian Alan Alvarez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-795-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christian Alan Lira-Alvarez pleaded guilty to illegal reentry following a
prior deportation, in violation of 8 U.S.C. § 1326. After determining Lira's prior
Tennessee conviction for aggravated burglary was a "crime of violence", the
district court applied a 16-level enhancement pursuant to Sentencing
Guideline § 2L1.2(b)(1)(A)(ii) ("If the defendant previously was deported, or

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 15-40209

unlawfully remained in the United States, after a conviction for a felony that is a . . . crime of violence . . . increase by 16 levels"). Lira did not object; and, for Lira's resulting advisory Guideline sentencing range of 46–57 months' imprisonment, the court sentenced him, *inter alia*, to 46 months' imprisonment. In his sole issue on appeal, Lira contends the district court erred in imposing the enhancement.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Lira concedes, he did not object to the enhancement in district court; therefore, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Lira must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Even assuming *arguendo* the court erred in its application of the "crime-of-violence" enhancement, Lira fails to show the error affected his substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc); *United States v. Bonilla*, 524 F.3d 647, 656–57 (5th Cir. 2008). After pronouncing sentence, the district court stated that, even if the enhancement was assessed in error, it would have imposed the same sentence based upon its

No. 15-40209

consideration of the 18 U.S.C. § 3553(a) factors, Lira's criminal history, and his personal circumstances.

AFFIRMED.