# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20438

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

CHRISTOPHER D. RENFRO,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-513-4

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

　　Christopher D. Renfro ("Renfro") pleaded guilty to charges of wire fraud, wire fraud conspiracy, bribery, and aggravated identity theft. Renfro appeals his conviction, arguing that the district court committed reversible plain error when it accepted his guilty plea for aggravated identity theft. We AFFIRM.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20438

I

The Army National Guard Recruiting Assistance Program ("G-RAP") offered referral bonuses to National Guard soldiers who helped recruit others into the National Guard. Participants in G-RAP received a bonus of up to $2,000 for each successful recruit. Naturally, professional National Guard recruiters whose job it was to recruit new soldiers were not eligible to receive G-RAP bonuses.

Renfro enlisted in the National Guard in 2007. Renfro's father-in-law, Michael Rambaran ("Rambaran"), was a recruiter for the National Guard in Texas. In that capacity, Rambaran was privy to potential recruits' confidential identifying information, including names, addresses, birthdates, and Social Security numbers. Between 2008 and 2011, Renfro and Rambaran engaged in a fraudulent scheme in which Rambaran provided Renfro with information on likely recruits. Renfro entered the identifying information into his G-RAP account and received the referral bonuses once Rambaran's recruits enlisted. Renfro then gave Rambaran a portion of the bonuses.

The specific conduct at issue in this appeal occurred in 2009 and involved a recruit with initials "A.B." Rambaran gave Renfro A.B.'s confidential information, including his Social Security number. Renfro entered it into his G-RAP account and subsequently received a $1,000 referral bonus. Renfro then paid Rambaran a portion of the bonus.

Renfro was eventually charged with wire fraud, wire fraud conspiracy, bribery, and aggravated identity theft. He initially pleaded guilty without a plea agreement to the charges of wire fraud conspiracy and bribery, and planned to go to trial on the remaining counts. He then changed his mind and pleaded guilty, again without a plea agreement, to wire fraud and to one charge of aggravated identity theft stemming from his possession and use of A.B.'s confidential information. He was sentenced to an aggregate three years and

2

No. 15-20438

one day of imprisonment, including a two-year mandatory sentence for the aggravated identity theft charge. The district court also imposed three years of supervised release and ordered Renfro to pay $19,346.25 in restitution. Renfro appeals.

## II

Because Renfro raised the arguments at issue here for the first time on appeal, we review for plain error. A showing of plain error requires that: "(1) 'there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned'; (2) 'the legal error must be clear or obvious, rather than subject to reasonable dispute'; (3) 'the error must have affected the appellant's substantial rights'; and (4) . . . 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). To establish that any alleged error affected his substantial rights, Renfro must "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

## III

The Federal Rules of Criminal Procedure require a district court, before accepting a guilty plea, to "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). The Rules also require the district court to ensure that "there is a factual basis for the plea" before entering judgment. Fed. R. Crim. P. 11(b)(3). Renfro argues that the district court plainly erred in accepting his plea on the aggravated identity theft charge for two reasons:  (1) the district court did not properly inform him that the government had to prove that the documents he illegally possessed belonged

to a real person; and (2) the record did not establish that he knew A.B.'s documents belonged to a real person. We disagree.

The district court conducted a lengthy plea colloquy with Renfro during which it, describing the aggravated identity theft charge, said, the "Government claims in this count that you knowingly transferred, possessed, or used the means of identification of another person, that you did so without lawful authority, . . . and that you knew that the means of identification . . . belonged *to another person*." (emphasis added). The district court then asked, "Do you understand what the government claims you did on this count?" Renfro responded, "Yes, Your Honor." This exchange constitutes sufficient admonishment by the district court that, as an element of aggravated identity theft, the government had to prove that the documents Renfro illegally possessed belonged to a real person.

Renfro further argues that the record did not show that he knew A.B. was a real person and therefore did not establish a factual basis for the plea. This argument borders on the frivolous. Renfro and Rambaran's fraudulent scheme depended on the recruits being actual people, because G-RAP bonuses were contingent on recruits enlisting and/or reporting to basic training. Renfro was only paid a bonus for A.B., for example, because A.B. actually enlisted. And one cannot enlist if one is not a real person.

Finally, even if we found that the district court committed an error, Renfro still could not show that, absent the error, he would not have pleaded guilty. Indeed, he does not argue as much. There is simply no indication that, had Renfro been more explicitly admonished on the issue of A.B. being a real person, he would not have pleaded guilty.

IV

The district court's judgment is AFFIRMED.