# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40557
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE ANGEL DELGADO-MENDOZA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1232-3

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Delgado-Mendoza appeals his conviction of conspiracy to possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute methamphetamine, heroin, and cocaine. He contends that the magistrate judge who conducted the plea hearing plainly erred under Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to inform him that his voluntary participation in the conspiracy was an element of the offense. *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). During his safety-valve debriefing and at sentencing, Delgado-Mendoza claimed that he had agreed to transport narcotics into the United States because he felt threatened by strangers who approached him at a convenience store.

The forfeited alleged error did not affect Delgado-Mendoza's substantial rights, because the record as a whole does not show a reasonable probability that he would have changed his plea if informed of the voluntariness element during the Rule 11 colloquy. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Vonn*, 535 U.S. 55, 59 (2002). The district court's finding that Delgado-Mendoza fabricated the claim to avoid providing information about members of the drug-trafficking organization during the safety-valve debriefing is plausible in light of the record as a whole and thus is not clearly erroneous. *See United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012). Delgado-Mendoza did not mention the alleged threats at any time before the debriefing, and he had an easy, friendly manner with his co-conspirators and familiarity with drug-smuggling code words in recorded conversations. Even after he alleged that he participated in the conspiracy because he felt threatened, Delgado-Mendoza did not assert that he committed the offense under duress, nor did he move to withdraw his guilty plea. Instead, he continued to express a desire to plead guilty.

Moreover, even if the alleged Rule 11 error did affect Delgado-Mendoza's substantial rights, we would not exercise our discretion to correct the error, because the record indicates that his participation in the conspiracy was

No. 15-40557

voluntary.  We exercise our discretion to correct forfeited errors only in "excep-tional circumstances," *United States v. Pena*, 720 F.3d 561, 576-77 (5th Cir. 2013), where "a miscarriage of justice would otherwise result," *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (internal quo-tation marks and citation omitted).

The judgment is AFFIRMED.