# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50310

United States Court of Appeals
Fif h Circuit

**FILED**
April 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARTURO GONZALEZ-NAVARRO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-2068

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Arturo Gonzalez-Navarro ("Gonzalez-Navarro") pleaded guilty to being an alien found in the United States after having been previously removed. Because he was previously removed subsequent to his 2005 felony California conviction for Manufacture of Controlled Substance/ Methamphetamine, the probation officer applied a 16-level adjustment pursuant to § 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines. With a criminal history category of IV and this adjustment, his guidelines range was 57-71 months. Although Gonzalez-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50310

Navarro did not object to the presentence report (PSR) in the district court, he now appeals his sentence, contending that the adjustment was error.[1] We VACATE the sentence[2] and remand for resentencing.

On appeal, Gonzalez-Navarro and the Government agree that the district court committed reversible plain error by applying the 16-level adjustment under § 2L1.2(b)(1)(A)(i) based on Gonzalez-Navarro's 2005 California conviction for manufacture of a controlled substance. Gonzalez-Navarro concedes that this argument was not raised below and, therefore, that it is reviewed for plain error only. *See United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006). To succeed under that standard, Gonzalez-Navarro must show an error that is clear or obvious and that affects his substantial rights, but even so, this court will exercise its discretion to correct any error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

At the time of Gonzalez-Navarro's sentencing, § 2L1.2(b)(1)(A)(i) stated that a 16-level adjustment applies to a defendant's offense level if he was previously removed after a felony conviction for a drug trafficking offense for which the sentence exceeded 13 months if the conviction receives criminal history points. The commentary to § 2L1.2 defined "drug trafficking offense" as a crime under federal, state, or local law barring "the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . .

---

[1] The base offense level was 8; Gonzalez-Navarro also received a two-level decrease for acceptance of responsibility plus the additional one-level reduction upon the Government's motion. The 16-level adjustment at issue was the only other adjustment, netting an offense level of 21.

[2] Gonzalez-Navarro did not appeal his conviction, and it is affirmed. He did not appeal the revocation of his supervised release under Cause No. 2:11-CR-67 or the corresponding sentence imposed, so we do not address those matters.

or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, comment. (n.1(B)(iv)).

Here, the district court applied the 16-level adjustment under § 2L1.2(b)(1)(A)(i) based on Gonzalez-Navarro's 2005 conviction under California Health and Safety Code § 11379.6(a). That statute criminalizes "every person who manufactures, compounds, converts, produces, derives, processes, or prepares, either directly or indirectly by chemical extraction or independently by means of chemical synthesis, any controlled substance specified in [various subsections]." CAL. HEALTH & SAFETY CODE § 11379.6(a) (West 2005). In pronouncing sentence, the district court rejected a request for a downward variance by noting that this case was not "outside the heartland."

The relevant documents show that Gonzalez-Navarro was convicted of the manufacturing charge, for which he received a five-year sentence. Under *Mathis v. United States*, 136 S. Ct. 2243, 2247-48, 2256-57 (2016), which requires examination of only the "elements" of a crime, not the "means" by which it was committed and *United States v. Reyes-Mendoza*, 665 F.3d 165, 166 (5th Cir. 2011), which held that "manufacturing" under the California statute at issue did not constitute a "drug trafficking offense," this conviction did not qualify for the enhancement. *See also United States v. Hinkle*, 832 F.3d 569, 574-75 (5th Cir. 2016) (holding that *Mathis* controls the application of the modified categorical approach to the Guidelines). Under *Reyes-Mendoza*, the district court therefore committed clear or obvious error by applying the § 2L1.2(b)(1)(A)(i) adjustment based on Gonzalez-Navarro's prior conviction for manufacturing a controlled substance in violation of § 11379.6(a). *See United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (holding that, when determining if an error is clear or obvious, this court looks to the state of the law at the time of appeal, whether controlling precedent has reached the issue in question, or whether the legal question is subject to reasonable dispute).

No. 16-50310

We conclude that the error affected Gonzalez-Navarro's substantial rights in that his guidelines range without the error would have been lower and likely would have been no higher than 24-30 months because the relevant enhancement probably would have been no more than eight levels.[3]  When a defendant shows that the district court mistakenly used an incorrect, higher Guidelines range, he has demonstrated a reasonable probability of a different outcome.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). "Absent unusual circumstances, he will not be required to show more."  *Id.* at 1347.  Because no unusual circumstances exist in this case, Gonzalez-Navarro has met his burden of showing that the district court's error affected his substantial rights.  *See id.*

There remains the issue of whether we should exercise our discretion to correct this error.  *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012)(en banc)("[W]e do not view the fourth prong as automatic if the other three prongs are met.")  Given the totality of the record in this case, we conclude that we should.  *Id.* at 426

Gonzalez-Navarro's sentence is VACATED, and the case is REMANDED for a resentencing.

---

[3] Gonzalez-Navarro's other convictions do not support the 16-level enhancement. Once we have determined that the correct guidelines range would be substantially lower than the one applied, we do not need to decide the issue of the precise level of the appropriate adjustment for the prior convictions and leave that determination to the district court on remand.

4