# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOSE OSCAR ORTIZ-CASTRO, also known as Jose Oscar Castro Ortiz, also known as Oscar Ortiz, also known as Miguel Aguilar, also known as Sponto Moniker, also known as Oscar Jose Luna,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-689-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Jose Oscar Ortiz-Castro, whose release date is March 2, 2018,[1] appeals his 22-month sentence of imprisonment following a conviction upon a guilty plea to illegal reentry. He contends that the 10-level enhancement he received should have been a 4-level enhancement, citing *United States v. Franco-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Ortiz-Castro did not receive a term of supervised release.

No. 16-41725

*Galvan*, 864 F.3d 338 (5th Cir. 2017) and *United States v. Bustillos-Peña*, 612 F.3d 863 (5th Cir. 2010).  After factoring in other considerations, the allegedly correct guidelines range would be 8-14 months instead of the range actually applied, which was 21-27 months.

Ortiz-Castro admits that he failed to raise in the district court the issue he now raises on appeal such that review is for plain error which involves four prongs.  *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).  The fourth prong, which is not automatic, provides for this court to determine whether to exercise its discretion to recognize the error.  *Id.* at 425.  There is no precise formula for the exercise of this discretion,[2] but we have held that conduct demonstrating recidivism, among other considerations, supports denial of discretionary relief.  *United States v. Davis*, 602 F.3d 643, 650-52 (5th Cir. 2010).

Accordingly, we pretermit consideration of the first three prongs of plain error review because we conclude that Ortiz-Castro fails the fourth prong.  Ortiz-Castro is a former gang member, and, more importantly, as the district court noted, committed this instance of illegal reentry "basically less than 60 days" after his prior deportation, evidencing recidivistic conduct.  Reviewing that fact together with all the specifics of Ortiz-Castro's history and crimes, we decline to exercise our discretion to grant relief.

AFFIRMED.

---

[2]    The Supreme Court has granted certiorari to determine whether the exercise of discretion is limited to cases that "shock the conscience."  *Rosales-Mireles v. United States*, 2017 WL 2505758 (Sept. 28, 2017) (No. 16-9493).  We need not address the parameters of that standard because the result is the same here even if we apply the less onerous test set forth in the en banc majority opinion in *United States v. Escalante-Reyes*, 689 F.3d at 425-26.