# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30381
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANKIE MALDONADO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-207-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Frankie Maldonado appeals his convictions on two counts of producing child pornography and one count of traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor. Maldonado asserts that the district court reversibly erred and violated the Confrontation Clause of the Sixth Amendment by applying Federal Rule of Evidence 412 to exclude on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30381

cross-examination evidence regarding the minor victim's prior inconsistent statement that she had previously engaged in other sexual behavior.

First, he argues that the evidence was not "offered to prove that a victim engaged in other sexual behavior," FED. R. EVID. 412(a)(1), but was offered for the purpose of impeaching the credibility of the minor victim, *cf.* FED. R. EVID. 613(b). We need not decide whether the district court abused its discretion in applying the Rule 412(a) bar because, in any event, Maldonado has failed to show that the exclusion of the evidence affected his substantial rights. *See* FED. R. EVID. 103(a); *United States v. Tuma*, 738 F.3d 681, 687-88 (5th Cir. 2013).

We likewise reject Maldonado's contention that the evidence of the minor victim's prior inconsistent statement was nevertheless admissible under Rule 412(b)(1)(C) because its exclusion violated his constitutional right to cross-examine his accuser under the Confrontation Clause. Where, as here, a Confrontation Clause objection was not asserted in the district court, we review the issue for plain error only. *See United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007); *see also United States v. Gibson*, 875 F.3d 179, 193 (5th Cir. 2017). The district court did not clearly or obviously violate Maldonado's constitutional right of confrontation by excluding on cross-examination evidence of the minor victim's prior inconsistent statement regarding her past sexual behavior. *See United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc); *United States v. Hitt*, 473 F.3d 146, 156-58 (5th Cir. 2006).

AFFIRMED.