# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2019

Lyle W. Cayce
Clerk

No. 19-10443
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUCAS JAMES MOSS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-239-7

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Lucas James Moss appeals the district court's revocation of a previously imposed term of supervised release and its imposition of a 12-month term of imprisonment. His supervised release was revoked pursuant to 18 U.S.C. § 3583(g), which requires revocation and imposition of a term of imprisonment where the defendant is found to have committed certain types of violations of the terms of supervised release, including the possession of a controlled

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10443

substance. Moss argues that, because § 3583(g) does not require a jury determination under a beyond a reasonable doubt standard, it is unconstitutional in light of the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369, 2373 (2019) (plurality opinion).

As Moss concedes, we review for plain error. To prevail on plain error review, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.*

The decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of the statute governing supervised release, including § 3583(g). *See Haymond*, 139 S. Ct. at 2382 n.7. Because there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, we conclude that there is no error that was plain. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

As Moss has not demonstrated that the district court committed plain error, his revocation and term of imprisonment are AFFIRMED.