# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2020

No. 19-10364
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ISSAC ORAL CHANDLER,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-9-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Issac Oral Chandler appeals the district court's revocation of a previously imposed term of supervised release and the imposition of a 24-month term of imprisonment to be followed by 12 months of supervised release. Chandler asserts that his supervised release was revoked pursuant to 18 U.S.C. § 3583(g), which requires revocation and imposition of a term of imprisonment where the defendant is found to have committed certain types

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of violations of the terms of supervised release, including the possession of a controlled substance.  He argues that, because § 3583(g) does not require a jury determination under a beyond-a-reasonable-doubt standard, it is unconstitutional in light of the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019).

As Chandler concedes, we review for plain error.  To prevail on plain error review, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Chandler makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The decision in *Haymond* addressed the constitutionality of § 3583(k) of the supervised release statute, and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of the statute, including § 3583(g).  *See Haymond*, 139 S. Ct. at 2382 n.7.  Because there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, we conclude that there is no error that was plain.  *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

As Chandler has not demonstrated that the district court committed plain error, his revocation and term of imprisonment are AFFIRMED.