# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50245
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LETICIA MARGARITA LEYVA-GOMEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1172-3

_____

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Leticia Margarita Leyva-Gomez appeals her within-Guidelines 71-months' sentence, imposed following her guilty-plea conviction for conspiracy to transport aliens, transporting aliens for financial gain, and conspiracy to harbor aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(A)(iii), and (a)(1)(B)(i). She

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

contends the district court improperly based her sentence on her race, immigration status, and nationality, in violation of Sentencing Guideline § 5H1.10, and her rights under the Fifth and Fourteenth Amendments of the United States Constitution. (Leyva forfeits any contention that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors by failing to properly brief it. *See Holmes v. Reddoch*, 117 F.4th 309, 319 (5th Cir. 2024) (citing Fed. R. App. P. 28(a)(8)(A)).)

Although Leyva couches her "consideration of a forbidden factor" contention as procedural error, this contention is properly characterized as a challenge to the substantive reasonableness of her sentence. *See, e.g.*, *United States v. Burney*, 992 F.3d 398, 399–400 (5th Cir. 2021) (contention that district court improperly relied on defendant's socioeconomic status was challenge to substantive reasonableness of sentence); *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013). Regardless of whether Leyva asserts procedural error or substantive unreasonableness, because she did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Leyva must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Concerning affecting substantial rights "[i]n the context of sentencing, we ask whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand". *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (citation omitted). If she makes the showing of plain error's affecting substantial rights, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135 (citation omitted).

2

No. 24-50245

The record shows that the Government did not contend the district court should impose a harsher sentence based on Leyva's race, nationality, or immigration status, and the court did not base her sentence on those improper factors. Instead, the court properly considered the 18 U.S.C. § 3553(a) sentencing factors, including Leyva's history and characteristics, her criminal history, the nature and circumstances of the offense, and the need to deter future criminal conduct with a longer sentence in view of her previous lenient sentences. *See* 18 U.S.C. § 3553(a). Accordingly, Leyva has not shown the requisite clear or obvious error in imposing her sentence. *E.g.*, *Puckett*, 556 U.S. at 135. In the alternative, she has not shown that any claimed error affected her substantial rights, as she did not demonstrate a reasonable probability that, but for the district court's error, she would have received a lower sentence. *E.g.*, *Escalante-Reyes*, 689 F.3d at 424.

AFFIRMED.