# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

No. 10-41312
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODRIGO GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-184-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

On two bases, Rodrigo Garcia challenges his sentence of 51-months' imprisonment and $1,218,960.11 of restitution, following his guilty-plea conviction for fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343. The charges arose after Garcia obtained for his use over $1.3 million from Felipe Avelino's accounts and investments in the guise of assisting Avelino to manage $1.7 million dollars from a civil-action award.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Garcia first maintains the district court erred in determining Avelino was a "vulnerable victim", which resulted in a two-level sentencing enhancement. U.S.S.G. § 3A1.1(b).  Our court reviews "a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole". *United States v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997) (citation and internal quotation marks omitted). The record as a whole supports the district court's determination because  Avelino: had a limited education and understanding of financial transactions; could not read, write, or otherwise communicate in English; was an illegal alien in the United States and then a non-resident without access to his accounts other than through Garcia; and was a paraplegic during most of the fraudulent scheme. Garcia himself notes that, on the basis of casual personal relationships, Avelino hired two individuals to manage his financial and legal affairs who were ultimately found to be unqualified.  Accordingly, the district court did *not* clearly err in determining Avelino was unusually vulnerable to the fraud perpetrated by Garcia.  *See* U.S.S.G. § 3A1.1 cmt. n.2; *Robinson*, 119 F.3d at 1218.

Garcia also contends the district court erred in relying on the pre-sentence investigation report (PSR) to calculate the amounts Garcia fraudulently obtained.  For the first time on appeal, he contends the PSR lacked sufficient indicia of reliability for the district court to rely on it for both a 16-level enhancement to Garcia's offense level and to establish the amount of loss for

restitution. As Garcia concedes, because he did *not* raise this claim in district court, it is subject only to plain-error review. *See, e.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To establish reversible plain error, Garcia must show a clear or obvious error affecting his substantial rights.  *E.g.*, *Puckett*, 129 S. Ct. at 1429. Even if reversible plain error is shown, our court retains discretion to correct it and generally will do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings".  *Id.* (citation and internal quotation marks omitted).

The PSR relied on a report prepared by the Federal Bureau of Investigation in determining these amounts.  Garcia presented *no* evidence in district court to rebut the amounts provided by the PSR. Additionally, he presented *no* evidence the withdrawals were authorized or that he did not ultimately receive or control the unauthorized funds.  In any event, these are factual issues that were capable of resolution in the district court and, thus, never capable of constituting plain (clear or obvious) error.  *See, e.g.*, *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).  Therefore, Garcia has not shown plain error in the district court's reliance on the PSR.

AFFIRMED.