JERRY E. SMITH, Circuit Judge,
dissenting.
By granting relief on plain-error review, the majority attributes to U.S. District Judge Jorge Solis a sentence that, in the majority’s view, is unfair, lacks integrity, and undermines the reputation of the judicial system. Because that criticism is unwarranted under the facts and governing law, I respectfully dissent.
*276 Without even reaching the merits, we should summarily affirm because the only issue — restitution—is inadequately briefed. Federal Rule of Appellate Procedure 28(a)(8) states that the appellant’s brief “must contain (A) appellant’s contentions and the reasons for them, with citations to the authorities and parts of the record .... ” Inadequately briefed issues are deemed waived. Carl E. Woodward, L.L.C. v. Acceptance Indem. Ins. Co., 743 F.3d 91, 96 (5th Cir.2014). This court routinely applies such a waiver even without the waiver’s being noticed by the opposing party. “Indeed, in many different types of cases, we have repeatedly declined to consider issues ... that were not adequately briefed or argued.... ” Goudeau v. E. Baton Rouge Parish Sch. Bd., 540 Fed.Appx. 429, 437 (5th Cir.2013) (citing a long list of Fifth Circuit cases and criticizing, as fatal, the “[fjailure to provide any legal or factual analysis of an issue on appeal”).
Frazier’s counsel candidly admits that the restitution issue was not raised in the district court and that the plain-error standard of review therefore applies. Frazier’s brief incants the plain-error standard but fails to explain how any of its prongs is satisfied. In his brief, he claims that the “restitution order confirms the plain error committed by the district court, which affected his substantial rights, and the fairness, integrity, and public reputation of judicial proceedings.” At most, the pages that follow could be understood to address the first prong — that there was error — but nowhere does Frazier point out how, in his view, the error was plain, or how it affected his substantial rights, or in what respect it seriously affects fairness, integrity, or reputation.
It should never be enough for an appellant merely to state the standard of review and then just say “therefore we win” without explaining how that is so. For example, if the standard of review were abuse of discretion, we would not credit a brief that showed only that there was error without specifically pointing out in what respect the error was so damaging that it amounted to an abuse of the district court’s wide discretion. To the same effect here, the very point of plain-error review of alleged mistakes not brought to the attention of the district court is that to stand any chance of reversal, the appellant must show much more than mere error. And under Rule 28(a)(8), that work must be done in the opening brief. It is not the job of this court to fashion appellant’s arguments for him (as the majority does here) by coming up with an analysis of how each of the four prongs of plain-error review is satisfied.
Even if Frazier had adequately briefed the plain-error test, he does not satisfy each of its prongs. As I have said, he can be deemed only to have briefed the first prong, which the majority addresses by stating, “Frazier argues that the district court’s method for calculating restitution constituted error. We agree.”
Any error, however, was not “plain” under the second prong. There was nothing obvious for the district court to use to announce a sentence that might not be deemed error. Frazier failed to contest the presentence report or to object to the manner of calculation. He introduced no evidence or argument regarding which mortgages were resold, which would have afforded the court the chance to decide whether it should calculate restitution differently. Thus, the district court never had the opportunity to make findings of fact on this issue. See, e.g., United States v. Garcia, 447 Fed.Appx. 587, 589 (5th Cir.2011) (“Garcia presented no evidence ... to rebut the [restitution] amounts provided by the [presentence report].... In *277 any event, these are factual issues that were capable of resolution in the district court and, thus, never capable of constituting plain (clear or obvious) error.”).
Regarding the third prong — substantial rights — Frazier’s claim fails as well. Where, as here, the district court explicitly declined to impose a fíne in light of the amount of the restitution, the defendant cannot show that his substantial rights were affected. See, e.g., United States v. Miller, 406 F.3d 323, 330-31 (5th Cir.2005) (Smith, J.); United States v. Dwyer, 275 Fed.Appx. 269, 272-73 (5th Cir.2008) (Smith, J.).
The majority also errs in finding the fourth prong satisfied. Its most flagrant mistake is in saying that that prong is automatic. In United States v. Escalante-Reyes, 689 F.3d 415, 425 (5th Cir.2012) (en banc), this court emphasized that relief under the fourth prong is not “automatic” and that we must focus on “the particular facts of [the] case” in deciding whether to exercise our discretion to grant the exceptional relief that is inherent in plain-error review. The majority, however, treats fourth-prong relief as following naturally and as a matter of course because “[w]ith-out information on the secondary mortgage market, we cannot be sure that the district court’s order awarded restitution to the right parties in the correct amounts.” Even if old Fifth Circuit case-law said that excess restitution calls for fourth-prong relief, such a holding is superseded by the en banc pronouncement in Escalante-Reyes.
Finally, the majority overlooks that plain-error reversals should be rare and exceptional. See id. at 431-41 (Smith, J., dissenting); see generally Edward Gools-by, Why So Serious? Taking the Word “Seriously” More Seriously in Plain Error Review of Federal Sentencing Appeals, 51 Houston L.Rev. 1449 (2014). The majority’s conclusional assertion that the sentence here “would certainly affect” fairness, integrity, and reputation includes no explanation of how this case is indeed exceptional. Because it is not, I respectfully dissent.