# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30561
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY JAMES BIGELOW,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20133-3

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Larry James Bigelow was convicted of distribution of cocaine base; he was sentenced to 96 months of imprisonment and four years of supervised release. Since starting his term of supervised release, Bigelow has admitted to multiple violations of the conditions imposed. Ultimately, the district court revoked supervised release and sentenced Bigelow to 36 months of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30561

Because there is no indication that the district court departed or varied upward from a lesser guidelines sentencing range, Bigelow argues that the district court found that he had committed a "Grade A" violation. Although it was alleged that Bigelow's arrest for distribution of drugs constituted a Grade A violation, he asserts that he only admitted that he had been arrested on that charge and that the Government did not submit any evidence showing that he committed the offense. Therefore, Bigelow argues that the district court procedurally erred in finding that he committed a Grade A violation.

Bigelow concedes that he did not object in the district court on the procedural error grounds he raises on appeal and, therefore, plain error review applies. *See United States v. Whitelaw,* 580 F.3d 256, 259 (5th Cir. 2009). Bigelow must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009). We have discretion to correct such an error, but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

The revocation judgment lists Bigelow's arrest for distribution of hydrocodone as one of his violations of the terms of his release, a Grade A violation. However, Bigelow admitted only that he was arrested on this charge and the Government did not present any evidence in support of the allegation. The district court sentenced Bigelow to 36 months of imprisonment, which was within advisory guidelines range for a Grade A violation but above the range of 21 to 27 months for the Grade B violations Bigelow did admit. Thus, we assume that the district court committed clear or obvious error that affected Bigelow's substantial rights. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

However, a finding that an error affected the defendant's substantial rights does not automatically require that we exercise our discretion to correct

that error. *See United States v. Escalante-Reyes,* 689 F.3d 415, 425 (5th Cir. 2012). Despite the many opportunities he received from the district court, Bigelow's repeated violations demonstrate that he was unable or unwilling to abide by the terms of his supervision. In addition, the record shows that the probation officer first reported a possible violation to the district court less than six months after Bigelow began his supervised release term. *See United States v. Davis,* 602 F.3d 643, 650-51 (5th Cir. 2010). Further, the 36-month sentence did not exceed the available statutory maximum. Therefore, we conclude that affirming the district court's sentence would not seriously affect the fairness, integrity or public reputation of judicial proceedings. *See id.*

AFFIRMED.