# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60746

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

HELEN PAGE,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-18-1

Before STEWART, Chief Judge, and BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Helen Page appeals her convictions for perjury, subornation of perjury, obstruction of justice, and conspiracy. The crimes were committed during Page's 2011 trial for forgery. That trial resulted in a conviction and 33-month sentence.

Page first contends that the trial court improperly admitted testimony from Owen Cook, the jury foreman from the forgery trial. We review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's decision to admit evidence for abuse of discretion. *United States v. McCann*, 613 F.3d 486, 498 (5th Cir. 2010). Ordinarily, we review Page's unpreserved argument based on Federal Rule of Evidence 403 for plain error, *United States v. Escalante–Reyes*, 689 F.3d 415, 418–19 (5th Cir. 2012), but Page's argument also fails under ordinary review for abuse of discretion.

Cook, the jury foreman, testified that the false statements made at the forgery trial had a natural tendency to influence, or were capable of influencing, his decision as to Page's guilt and the Government's burden of proof. The forgery verdict was never mentioned. Cook's testimony was relevant and probative of the materiality of the previous false statements, which the Government had the burden to prove. *See Johnson v. United States*, 520 U.S. 461, 465 (1997); *Kungys v. United States*, 485 U.S. 759, 770 (1988); *United States v. Damato*, 554 F.2d 1371, 1372 (5th Cir. 1977). Cook was permitted to testify about materiality because he witnessed the prior proceedings. *See United States v. Thompson*, 637 F.2d 267, 268–69 (5th Cir. 1981) ("We have held, however, that those who actually witness the grand jury proceedings may testify to the subject matter of the grand jury investigation in order to establish the materiality of testimony given to it."). Page had ample opportunity to cross-examine Cook, so there was no violation of the Confrontation Clause. *See United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004). Page also fails to show that the probative value of Cook's testimony was "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

In her second contention, Page argues that the court abused its discretion by not granting a mistrial because the Government did not disclose before trial some recordings of telephone messages left for Page by a coconspirator. *See Giglio v. United States*, 405 U.S. 150, 153–54 (1972); *Brady*

No. 14-60746

*v. Maryland*, 373 U.S. 83, 87–88 (1963). Page did not answer any of the calls, but in one of the recordings, the coconspirator arguably threatened Page with harm if she did not pay the coconspirator for her perjury as arranged. The Government made the recorded messages available to Page during trial, and the court granted Page a four-day continuance to study them. Page cross-examined the coconspirator about the messages and the potential threat. She fails to show "a reasonable probability that, had the evidence been disclosed to the defense [prior to trial], the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Finally, Page contends that the court abused its discretion by not dismissing the jury venire after the prosecutor said, "My job is great because I just get to do the right thing and get a good jury for both the defendant and the government." We assume that this comment was improper in light of *United States v. Vaccaro*, 115 F.3d 1211, 1217–18 (5th Cir. 1997). Upon defense's immediate objection, however, the court told the venire to ignore the comment, and it reminded them that the voir dire process was designed to enable both sides and the court "to select a jury that is supposed to be fair and impartial to both sides and to base a verdict only upon the evidence in the case." Any prejudicial effect was corrected when the court immediately sustained the objection and gave a curative instruction. *See United States v. Valencia*, 600 F.3d 389, 409–10 (5th Cir. 2010); *Vaccaro*, 115 F.3d at 1220.

The judgment is AFFIRMED.