# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40404

United States Court of Appeals
Fif h Circuit

**FILED**
May 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

JORGE ZAMORA-LOPEZ, also known as Jorge Barajas-Zamora, also known as Jorge Lopez Barajas-Zamora, also known as Jorge Zamora-Barajas,

        Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-757-1

Before STEWART, Chief Judge, HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:*

Jorge Zamora-Lopez pleaded guilty to unlawfully reentering the United States following deportation in violation of 8 U.S.C. § 1326. Adopting the recommendation of the United States Probation Office's presentencing investigation report, the district court applied the 16-level "crime of violence"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40404

sentencing enhancement under § 2L1.2 of the 2015 United States Sentencing Guidelines. The enhancement was based on Zamora-Lopez's pre-deportation conviction for resisting an executive officer in violation of California Penal Code § 69. With a base offense level of 8, plus the 16-level crime-of-violence enhancement, minus a 3-level reduction for acceptance of responsibility, Zamora-Lopez's total offense level was 21. That level, coupled with a criminal history category of III, resulted in a Guidelines range of 46–57 months' imprisonment. The district court sentenced Zamora-Lopez to 48 months' imprisonment. Absent the crime-of-violence enhancement, even assuming that the same California conviction would have triggered an 8-level "aggravated felony" or "drug trafficking" offense, the recommended Guidelines sentencing range would have been 18–24 months.

Zamora-Lopez did not object at the time, but now argues that applying the enhancement was plain error. There are "four requirements for reversing a trial court based upon plain error review: (1) 'there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned'; (2) 'the legal error must be clear or obvious, rather than subject to reasonable dispute'; (3) 'the error must have affected the appellant's substantial rights'; and (4) 'if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error— discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

The government concedes clear and obvious error that affected Zamora-Lopez's substantial rights, but urges us not to exercise our discretion to correct it. We accept that concession without passing on its legal correctness. We are inclined to exercise our plain-error discretion here, where the concededly

No. 16-40404

erroneous enhancement effectively doubled the applicable Guidelines sentencing range. The judgment of the district court is VACATED, and the case is REMANDED for resentencing.