# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR ALEXI MARTINEZ-LEON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-310

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Oscar Alexi Martinez-Leon appeals his sentence for illegal reentry following removal, which was imposed following his guilty plea. Specifically, he argues that the district court erred in applying, under U.S.S.G. § 2L1.2, an eight-level adjustment for an aggravated felony based upon his Florida burglary with assault/battery conviction, instead of a four-level adjustment for "any other felony." Under the former, his Guidelines range would be 18-24

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50909

months; under the latter, it would be 10-16 months.  He received a sentence of 36 months of imprisonment and three years of supervised release.

The Presentence Report (PSR) originally recommended a 16-level increase for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2014), yielding a guidelines range of 46-57 months (given Defendant's criminal history category of III).  Defendant objected, arguing that the Florida burglary with assault/battery was not a crime of violence due to its overbreadth.  In so doing, he specifically argued that the proper adjustment was eight levels under § 2L1.2(b)(1)(C).  The district court granted Defendant's objection and gave him exactly what he argued was the correct adjustment – eight levels.  The district court then varied upward to 36 months because of his extensive and egregious criminal history.

Defendant now argues that the eight-level adjustment was too high and should have been only four levels.  He argues that this claim should be judged under plain error review.  We conclude that the proper standard of review is to treat this ruling as invited error given that Defendant's conduct of specifically arguing that the eight-level adjustment was correct is quintessential "invited error." *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014).  Such errors are reviewed only for manifest injustice.  *Id.*

Assuming arguendo that the eight level adjustment was error, that does not automatically lead to a conclusion that Defendant's sentence was manifestly unjust. While errors in determining guidelines ranges are material, we cannot say every such error creates a "manifest injustice," a necessarily very high standard to meet.  Indeed, Defendant does not even attempt to meet this standard.  Having considered the record in this case and the district court's careful consideration of the totality of the Defendant's circumstances before

No. 16-50909

varying upward, we conclude that Defendant's sentence is not manifestly unjust.[1]

AFFIRMED.

---

[1] For the same reason, if we were to assess this case under plain error, even assuming arguendo the other three prongs were met, we would not exercise our discretion to correct any such error. *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012)(en banc).