# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20825
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN GONZALEZ-ROCHA, also known as Ruben Rocha Gonzalez, also known as Ruben Gonzalez, also known as Ruben Rocha, also known as Hugo Gonzalez, also known as Jorge Luis Garcia, also known as Ruben Garcia Rocha,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-306-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ruben Gonzalez-Rocha pleaded guilty to illegal reentry of a deported alien and was sentenced within the advisory guidelines range to 29 months of imprisonment and a two-year term of supervised release. On appeal, Gonzalez-Rocha argues that the district court incorrectly assessed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one criminal history point to his March 2003 conviction for assault causing bodily injury to a family member because the conviction was too remote in time to be counted under U.S.S.G. § 4A1.2(e).

Gonzalez-Rocha correctly concedes that review is for plain error. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At a minimum, Gonzalez-Rocha has not satisfied the third and fourth prongs of the plain error test. As to whether his substantial rights were affected, his criminal history category and guidelines range remain the same after subtraction of the contested criminal history point. Gonzalez-Rocha thus fails to demonstrate "a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Finally, we "do not view the fourth prong as automatic if the other three prongs are met," but will exercise our discretion when "a miscarriage of justice would otherwise result." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). Gonzalez-Rocha does not even attempt to demonstrate that he can meet this standard, and there is nothing in the record to indicate that we should exercise our discretion to correct any error.

AFFIRMED.