# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10985
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

GARY WILLIAM ABERNATHY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-304-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Gary William Abernathy appeals his 24-month revocation sentence. He argues that he is entitled to resentencing because the district court violated his due process rights when it imposed a revocation sentence based on "erroneous information," specifically the probation officer's representation that Abernathy had overserved his prior federal sentence by 24 months. Because Abernathy did not object to his revocation sentence before the district court,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10985

his present challenge is reviewed for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

The Government argues that Abernathy cannot show an effect on his substantial rights because the district court stated in its order in aid of appeal that it "more likely than not" would have imposed the same 24-month sentence because "it was particularly concerned about the assault [Abernathy] committed against his wife," which served as the basis for revoking his supervised release. Even though the court could not say with "absolute certainty" that it would have imposed the same sentence had the probation officer not provided incorrect information, the fact that the court "more likely than not" would have imposed the same 24-month sentence precludes Abernathy from showing a "reasonable probability" of a different outcome on remand. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc).

The judgment of the district court is AFFIRMED.