# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2019

Lyle W. Cayce
Clerk

No. 19-40351
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

WILLIAM GEOVANI VIVAR-LOPEZ,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:18-CR-713-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

William Vivar-Lopez appeals his 30-month, below-guidelines sentence for illegal reentry. He contends that the district court erred by considering

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40351

Application Note 3 of U.S.S.G. § 2L1.2, which indicates that if a defendant receives offense-level enhancements for prior convictions under § 2L1.2(b), those prior convictions may garner criminal history points under U.S.S.G. § 4A1.1. Vivar-Lopez urges that, in light of *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the court should have given no deference to the commentary because the language of § 2L1.2 is unambiguous. In addition, Vivar-Lopez maintains that because § 2L1.2 is the guideline that specifically addresses illegal-reentry offenses, the court should not have applied criminal history points per § 4A1.1 for offenses that resulted in offense level enhancements under § 2L1.2(b).

As Vivar-Lopez concedes, we review for plain error, so he must show, as the first requirement, a forfeited error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). *Kisor* addressed the continuing viability of deference to an agency's interpretations of its own regulations under *Auer v. Robbins*, 519 U.S. 452 (1997). The Court in *Kisor* did not overrule *Auer* deference but merely restated the limitations on applying deference to an agency's interpretations. *Kisor*, 139 S. Ct. at 2415–16, 2423. *Kisor* did not address the Sentencing Guidelines or the caselaw holding that the commentary to the Guidelines is authoritative unless it violates federal law or the Constitution, it is inconsistent with the Guideline being interpreted, or it constitutes a plainly erroneous reading of the Guideline. *See Stinson v. United States*, 508 U.S. 36, 38 (1993).

Because there is no caselaw from the Supreme Court or this court addressing the effect of *Kisor* on the Sentencing Guidelines in general or on Application Note 3 of § 2L1.2 in particular, there is no clear or obvious error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

AFFIRMED.