# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2020

Lyle W. Cayce
Clerk

No. 19-10486
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTINA ANN WHICHARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-7

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Christina Ann Whichard appeals the district court's revocation of a previously imposed term of supervised release and its imposition of a 12-month term of imprisonment. Whichard was subject to mandatory revocation and imprisonment under 18 U.S.C. § 3583(g)(4) for having more than three positive drug tests over the course of one year. She argues that, because § 3583(g) does not require a jury determination under a beyond-a-reasonable-doubt standard,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10486

it is unconstitutional in light of the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369, 2380 (2019).

As Whichard concedes, review is for plain error. To prevail on plain error review, she must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks and citation omitted).

The decision in *Haymond* addressed the constitutionality of § 3583(k) of the supervised release statute, and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of the statute, including § 3583(g). *See Haymond*, 139 S. Ct. at 2382 n.7. Because there currently is no case law from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, we conclude that there is no error that was plain. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

As Whichard has not demonstrated that the district court committed plain error, her revocation and term of imprisonment are AFFIRMED.