# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10484
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BINH NGUYEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-89-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Binh Nguyen appeals the revocation of his term of supervised release under 18 U.S.C. § 3583(g)(1) upon the district court's finding by a preponderance of the evidence that he possessed controlled substances. Citing the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369, 2378 (2019), he asserts that the district court erred by applying the mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10484

revocation provision of § 3583(g)(1) without affording him the right to a jury finding that he committed the violations beyond a reasonable doubt.

Because Nguyen raises this claim for the first time, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). He must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

*Haymond* addressed the constitutionality of § 3583(k) of the supervised release statute, and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of the statute, including § 3583(g). *See Haymond*, 139 S. Ct. at 2382 n.7. Because there currently is no case law from either the Supreme Court or this court extending Haymond to § 3583(g) revocations, we conclude that there is no error that was plain. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Nguyen fails to establish plain error; thus, the judgment of the district court is AFFIRMED.