# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2020

Lyle W. Cayce
Clerk

No. 19-10653
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO RENDON, JR., also known as Rey Reynold, also known as Rey Rendon,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-19-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Reynaldo Rendon, Jr., appeals the revocation of his supervised release and the 18-month sentence imposed upon revocation. Rendon's supervised release was revoked pursuant to 18 U.S.C. § 3583(g), which requires the mandatory revocation of supervised release and imposition of a term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment for defendant founds to have committed certain offenses, including the possession of a controlled substance.

For the first time, Rendon argues that § 3583(g) is unconstitutional in light of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination under a beyond-a-reasonable-doubt standard.  As he concedes, review of this issue is for plain error.  To prevail on plain error review, Rendon must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *Id.*

The decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of § 3583, the statute governing supervised release, including § 3583(g).  *See Haymond*, 139 S. Ct. at 2382 n.7.  Because there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, we conclude that there is no error that is clear or obvious.  *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Rendon also challenges the substantive reasonableness of his above-policy range 18-month sentence.  We need not decide whether Rendon preserved this challenge to his sentence because we conclude that it fails under any potentially applicable standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).  Rendon has not shown that his sentence was unreasonable, much less plainly

No. 19-10653

so. *See Gall*, 552 U.S. at 51; *United States v. Warren*, 720 F.3d 321, 324-25, 332-33 (5th Cir. 2013).

Accordingly, the judgment of the district court is AFFIRMED.