# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2020

Lyle W. Cayce
Clerk

No. 19-10763
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY LYNN BAILEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-54-3

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Barry Lynn Bailey appeals the revocation of his supervised release and the 24-month sentence imposed upon revocation. Bailey's supervised release was revoked pursuant to 18 U.S.C. § 3583(g), which requires the mandatory revocation of supervised release and imposition of a term of imprisonment for defendants found to have committed certain supervised release violations, including possessing controlled substances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10763

For the first time, Bailey argues that § 3583(g) is unconstitutional in light of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination under a beyond-a-reasonable-doubt standard. As he concedes, review of this issue is for plain error. To prevail on plain error review, Bailey must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.*

The decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically stated that it was not expressing any view on the constitutionality of other subsections of § 3583, the statute governing supervised release, including § 3583(g). *See Haymond*, 139 S. Ct. at 2382 n.7. Because there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, we conclude that there is no error that is clear or obvious. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Accordingly, the judgment of the district court is AFFIRMED.