# United States Court of Appeals for the Fifth Circuit

────────────

No. 24-40832
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Devon King,

*Defendant—Appellant*.

────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CR-11-1

────────────────────────

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Christopher Devon King received a below-Guidelines sentence of 24 months—the statutory maximum—following the revocation of his supervised release. The sentence was ordered to run consecutively to his previously imposed state terms. On appeal, King argues that the district court relied on an impermissible factor when imposing the sentence.

────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because King raised no such objection below, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail, King must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even then, we correct only if the error seriously affects the "fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Even assuming error, King cannot satisfy the third prong. He must show that the error "increased the term of [his] sentence, such that there is a reasonable probability of a lower sentence on remand." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (internal quotation marks and citation omitted). He has not. The district court sentenced King to 24 months—well below the 30-to-37-month Guidelines range—and, critically, it was the very sentence King requested. True, he also sought to have it run concurrent with his state sentences. But nothing in the record suggests that any impermissible factor drove the court's decision to impose consecutive terms. To the contrary, the court expressly noted that it was acting "[p]ursuant to the guidelines" in doing so.

Because King has not shown that any error affected his substantial rights, we AFFIRM.