# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2026

Lyle W. Cayce
Clerk

————————

No. 25-30441
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE CHAVEZ-ARZU,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:25-CR-36-1

————————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

After pleading guilty to illegal reentry, Jose Chavez-Arzu was sentenced above the guidelines range to 36 months of imprisonment. He now argues that his sentence is procedurally and substantively unreasonable

————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

because, in imposing sentence, the district court referred to unprosecuted conduct, erroneously relying on bare arrest records.

The record demonstrates that the district court's consideration of Chavez-Arzu's pending Louisiana and New York charges did not loom large over the sentencing compared to other factors. Consequently, Chavez-Arzu has not demonstrated that his substantial rights were affected by any purported error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc).

Chavez-Arzu has likewise failed to demonstrate that the district court plainly erred by failing to adequately explain its chosen sentence. The court's explanation was sufficient to show that it had a reasoned basis for exercising its own legal decision-making authority. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Even were that not so, Chavez-Arzu does not argue, and the record does not indicate, that a more detailed explanation would have resulted in a lesser sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Similarly unavailing is his newly raised challenge to the supervised release condition requiring that supervision be suspended upon his deportation. In the absence of any precedent from this circuit that the condition exceeds the district court's statutory authority, Chavez-Arzu fails to demonstrate clear or obvious error. *See United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015); *see also United States v. Evans*, 892 F.3d 692, 704 (5th Cir. 2018).

AFFIRMED.